**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Hanafi MONEM, Defendant–Appellant.**

No. 96–2663.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 3, 1996.

Decided Jan. 13, 1997.

Matthew L. Jacobs (argued), Office of the United States Attorney, Milwaukee, WI, for Plaintiff-Appellee.

Lew A. Wasserman, Wasserman Law Office, Milwaukee, WI, for Defendant-Appellant.

Before ESCHBACH, FLAUM, and KANNE, Circuit Judges.

FLAUM, Circuit Judge.

Defendant-appellant Hanafi Monem was charged in twenty-three counts of the twenty-eight count indictment entered against the appellant and four others. The indictment charged Monem with fifteen counts of using interstate facilities to carry on a prostitution business in violation of 18 U.S.C. § 1952(a)(3), seven counts of laundering money in violation of 18 U.S.C. § 1956(a)(1)(A), and conspiracy to commit these offenses in violation of 18 U.S.C. § 371 and 18 U.S.C. § 1956(h), respectively. Monem pled guilty to Count Twenty-one of the indictment, conspiracy to violate 18 U.S.C. § 1956(a)(1)(A). Appellant raises five issues on appeal, all of which involve his sentencing. He contends

that the district court (1) applied an incorrect base offense level in computing his sentence, (2) improperly assessed a two-level increase for obstruction of justice, (3) incorrectly denied him a three level decrease for acceptance of responsibility, and (4) improperly imposed a fine despite his indigence. Monem also argues that trial counsel's failure to advise him of the proper application of the United States Sentencing Commission Guidelines and counsel's failure to object to the incorrect application of the Guidelines at sentencing amounted to ineffective assistance of counsel. We conclude that the district court did not err in calculating Monem's offense level and that Monem received effective assistance of counsel with respect to his sentencing. Nevertheless, we remand this case to the district court to make factual findings supporting the fine imposed.

## I.

■ We first address Monem's claims that the district court applied an incorrect base offense level in computing his sentence and incorrectly increased his offense level by two points for obstruction of justice. Appellant concedes that he has waived these issues by failing to raise them before the district court. *See United States v. Price*, 988 F.2d 712, 722 (7th Cir.1993) ("[Appellant] has waived this argument because he failed to timely object either to the probation officer's recommendation or to the district court's finding at the sentencing hearing...."); *United States v. Bafia*, 949 F.2d 1465, 1476 (7th Cir.1991) (same). Our review of these issues is therefore limited to an examination for plain error. *See United States v. Livingston*, 936 F.2d 333, 336 (7th Cir.1991), *cert. denied, Livingston v. United States*, 502 U.S. 1036, 112 S.Ct. 884, 116 L.Ed.2d 787 (1992).

Our plain error analysis excludes those errors in sentencing which are "subtle, obscure, [or] debatable." *See United States v. Caputo*, 978 F.2d 972, 975 (7th Cir.1992) ("Both the existence of injustice and the ease of its correction depend on certainty that error has been committed," *id.* at 974).

The argument in favor of finding these issues waived is especially strong in this case, as appellant did more than fail to make a contemporaneous objection to the manner in which the district court applied the Sentencing Guidelines: Monem expressly recommended to the district court that the Guidelines be applied in the manner of which he now complains. The Plea Agreement provided that the parties would "jointly recommend to the Probation Department and the sentencing court" that a base offense level of twenty-three be applied and that Monem receive a two-level enhancement for obstruction of justice.[1]

■ We turn first to appellant's claim that the district court erred in calculating his base offense level. Monem pled guilty to the offense of conspiring to commit money laundering in violation of 18 U.S.C. § 1956(h). Section 1956(h) provides that "[a]ny person who conspires to commit any offense defined in this section shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy." The judgment entered by the district court indicates that the object of the conspiracy to which Monem pled guilty was money laundering in violation of 18 U.S.C. § 1956(a)(1)(A). Appellant's plea agreement likewise indicates that he pled guilty to conspiring to violate section 1956(a)(1)(A). A plain reading of section 1956(h) therefore indicates that Monem was subject to the same penalty as that pre-

---

1. The relevant paragraph of the Plea Agreement states, in pertinent part (emphasis added):

    10. As part of this plea agreement, the parties have reached the following agreements regarding the Sentencing Guidelines, *which they will jointly recommend to the Probation Department and the sentencing court:*
    (a) The base offense level for the offense to which defendant will plead guilty (Count 21), as determined under §§ 2X1.1(a) and 2S1.1(a)(1), is level 23; ...

    (d) The defendant's offense level is appropriately increase [sic] two (2) levels pursuant to section 3C1.1 because the defendant wilfully obstructed and impeded and attempted to obstruct and impede the administration of justice during the government's investigation and prosecution of the present offense based on his failure to appear before the grand jury investigating this matter after having been served with a subpoena requiring such appearance and his subsequent flight and concealment from authorities; ....

scribed for section 1956(a)(1)(A), which covers the substantive offense of money laundering.

We turn then to the Guidelines to determine the base offense level applicable to a violation of section 1956(a)(1)(A). The parties correctly stipulated in the Plea Agreement that the applicable provisions of the Sentencing Guidelines are sections 2X1.1(a) and 2S1.1(a)(1). Section 2X1.1(a) of the Guidelines provides that the appropriate base offense level for a conspiracy that is not covered by a specific offense guideline is "[t]he base offense level from the guideline for the substantive offense." This provision, like 18 U.S.C. § 1956(h), points us to the base offense level for the substantive offense that was the object of the conspiracy, in this case 18 U.S.C. § 1956(a)(1)(A). The base offense levels for substantive offenses of money laundering are provided by section 2S1.1, which requires a base offense level of twenty-three if the defendant is convicted under 18 U.S.C. §§ 1956(a)(1)(A), (a)(2)(A), or (a)(3)(A) and a base level of twenty if the defendant is "otherwise" convicted of money laundering. Monem's base offense level was therefore correctly calculated as twenty-three. Counsel for the appellant likewise agreed at the time the Plea Agreement was entered that this was a correct reading of the Guidelines, as the Plea Agreement stipulated that twenty-three was the proper base offense level.

Appellant now argues, however, that the Plea Agreement was the result of an erroneous reading of the Sentencing Guidelines. Monem contends that, because he was convicted of violating section 1956(h), he was "otherwise" convicted of money laundering under section 2S1.1 of the Guidelines and that the appropriate base offense level is therefore twenty. We cannot agree with the appellant that a plain reading of the Guidelines supports this result. Section 2S1.1(a) provides the base offense levels applicable to substantive offenses of money laundering; it does not speak to the appropriate base offense level for conspiring to commit these offenses. The Commentary to section 2S1.1, which explains the justification for the two different base offense levels, supports this reading of the statute. The Commentary states:

> A higher base offense level is specified if the defendant is convicted under 18 U.S.C. § 1956(a)(1)(A), (a)(2)(A), or (a)(3)(A) because those subsections apply to defendants who encouraged or facilitated the commission of further crimes.

U.S.S.G. § 2S1.1, comment. (backg'd). It is clear that the "otherwise" convicted language of section 2S1.1 distinguishes the enumerated money laundering violations, thought to be more serious offenses, from other types of substantive money laundering violations; it does not distinguish the enumerated substantive violations from conspiracy to commit money laundering. Appellant's reading of the statute would also fail to give effect to the command of 18 U.S.C. § 1956(h) that a person who engages in conspiracy under this section be subjected to the same penalty as that prescribed for the commission of the offense that was the object of the conspiracy.

Other circuits addressing this issue have likewise concluded that the appropriate base offense level for conspiring to violate section 1956(a)(1)(A) is twenty-three. *See United States v. Acanda,* 19 F.3d 616, 618–19 (11th Cir.1994) (holding that proper base offense level for violating 18 U.S.C. § 371 (conspiracy) by conspiring to violate § 1956(a)(1)(A) is 23 as determined by reference to 2X1.1 and 2S1.1); *United States v. Restrepo,* 936 F.2d 661, 665 (2d Cir.1991) (holding that sections 2X1.1 and 2S1.1 indicate that base offense level of 23 applies both to substantive violations of 18 U.S.C. § 1956(a)(1)(A) as well as to conspiracy to violate § 1956(a)(1)(A)). This approach is consistent with the overall treatment of conspiracy offenses in the Guidelines, which provide that the base offense levels for various types of conspiracies should be determined by reference to the underlying offenses that are the objects of the conspiracies.[2] Appellant's suggestion

---

2. As mentioned previously, section 2X1.1 provides that the base offense level for a conspiracy not covered by a specific offense guideline is the base offense for the substantive offense. The Application Notes to this section list the conspiracies that are covered by specific offense guidelines. *See* U.S.S.G. § 2X1.1, comment. (n. 1). The specific offense guidelines that cover various

would therefore create an anomaly: a defendant convicted of conspiracy to commit money laundering would receive a more lenient sentence than a defendant charged with the substantive offense of money laundering. We therefore conclude that the district court applied the correct base offense level in sentencing the appellant.

■ We summarily reject appellant's claim that the district court's assessment of a two-level increase for obstruction of justice was plain error. The appellant admitted in the Plea Agreement that, after having been served with a subpoena, he failed to appear before the grand jury and prevented his wife from appearing as well. Appellant argues only that failing to appear before a grand jury cannot constitute obstruction of justice. Appellant points to the Application Note to section 3C1.1, which lists the failure to appear for "a judicial proceeding" as an example of the type of conduct that constitutes obstruction of justice. *See* U.S.S.G. § 3C1.1, comment. (n.3(e)). He argues that a grand jury proceeding is not technically a "judicial proceeding" and that his conduct therefore does not amount to obstruction of justice.

Appellant's argument is without merit. Putting to one side appellant's argument regarding the technical characterization of grand jury proceedings, we observe that the Application Note to section 3C1.1 states that the list is "a *non-exhaustive* list of examples." It is therefore unnecessary to determine whether a grand jury investigation is technically a "judicial proceeding," as appellant's conduct need not technically fit within one of the list's non-exhaustive examples. The relevant inquiry is whether the appellant's conduct is of the type contemplated by section 3C1.1—in other words, whether failing to respond to a grand jury's subpoena would "impede[ ] the administration of justice during the investigation ... of the instant offense." The district judge committed no error, plain or otherwise, in concluding that Monem's conduct was detrimental to the investigatory process and that he therefore had obstructed justice. *See United States v. Austin,* 54 F.3d 394, 403–04 (7th Cir.1995) (failure to turn records over to grand jury despite subpoena constitutes obstruction).

II.

We next address appellant's claim that he received ineffective assistance of counsel. Monem argues that counsel did not advise him of the proper application of the Sentencing Guidelines, causing him to stipulate in his plea agreement (1) that the proper offense level for conspiracy to commit money laundering was twenty-three when in fact it was twenty, and (2) that he was properly subjected to a two-level enhancement for obstruction of justice when in fact he was not. Appellant also argues that counsel's failure to object to the incorrect application of the Guidelines at sentencing amounted to ineffective assistance.

Appellant raises this issue for the first time on appeal to this court. As appellant recognizes, this court has repeatedly held that ineffective assistance of counsel claims are best dealt with at the district court level. *See, e.g., United States v. Syverson,* 90 F.3d 227, 233 (7th Cir.), *cert. denied, Syverson v. United States,* — U.S. —, 117 S.Ct. 435, 136 L.Ed.2d 333 (1996); *United States v. Trevino,* 60 F.3d 333, 338 (7th Cir.1995), *cert. denied, Trevino v. United States,* — U.S. —, 116 S.Ct. 739, 133 L.Ed.2d 689 (1996); *United States v. Boyles,* 57 F.3d 535, 550 (7th Cir.1995). We have nevertheless permitted review of such claims in circumstances where the record is sufficiently developed and the issues "clear-cut." *See Boyles,* 57 F.3d at 550; *United States v. Zarnes,* 33 F.3d 1454, 1473 (7th Cir.1994), *cert. denied, Bland v. United States,* — U.S. —, 115 S.Ct. 2286, 132 L.Ed.2d 288 (1995). We will address the merits of Monem's ineffectiveness claim, as it is easily disposed of given our conclusion that the Sentencing Guidelines were properly applied in his case.

conspiracy offenses likewise determine the appropriate base offense levels for these conspiracies by cross reference to the relevant underlying substantive offenses. For example, section 2A1.5 which provides the base offense level for conspiracy to commit murder cross references section 2A1.1, first-degree murder, and section 2A2.1, assault with intent to commit murder and attempted murder.

In order to succeed on his ineffectiveness claim, appellant must demonstrate both that counsel's performance was deficient and that the deficient performance was prejudicial. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Monem's claim must fail because he has not succeeded in demonstrating any deficiency on counsel's part. To the contrary, we have concluded that the parties' stipulations in the Plea Agreement regarding sentencing were not contrary to the terms of the Sentencing Guidelines. As the Plea Agreement indicated, the base offense level for conspiracy to commit money laundering is twenty-three and the court could properly find that Monem's failure to appear before the grand jury warranted an enhancement for obstruction of justice. Monem was therefore correctly advised of the Guidelines' application to his conduct.

There also was no basis on which counsel could have objected at sentencing. The recommendations in the Plea Agreement regarding the application of the Sentencing Guidelines were not only correct, but they were part of the bargain to which Monem had agreed. In exchange for pleading guilty and stipulating that he had obstructed justice, twenty-two of the twenty-three counts with which Monem had been charged were dismissed and the government agreed to recommend a decrease in his sentence for acceptance of responsibility. Monem's claim of ineffective assistance of counsel is therefore without merit.

### III.

■ Appellant next argues that the district court erred in failing to decrease his offense level by two levels for acceptance of responsibility under section 3E1.1 of the Guidelines. "Whether or not a defendant has accepted responsibility under section 3E1.1(a) is a finding of fact that is entitled to considerable deference on appeal." *United States v. Jones,* 52 F.3d 697, 700 (7th Cir. 1995); *United States v. Panadero,* 7 F.3d 691, 694 (7th Cir.1993); U.S.S.G. § 3E1.1, comment. (n.5) ("The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason,

the determination of the sentencing judge is entitled to great deference on review."). We will reverse the district court's decision only if it is clearly erroneous—in other words, if the finding is "without foundation in the evidence," such that "we are left with the definite and firm conviction that a mistake has been committed." *Jones,* 52 F.3d at 700 (internal citations omitted); *Panadero,* 7 F.3d at 694.

■ Monem bore the burden of "clearly demonstrat[ing] acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a); *Jones,* 52 F.3d at 701. This burden is increased by an Application Note to section 3E1.1 which states:

> Conduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply.

U.S.S.G. § 3E1.1, comment. (n.4). Appellant conceded in the Plea Agreement that his pre-arrest conduct warranted a sentence enhancement for obstruction of justice and, as discussed above, the district court appropriately assessed the defendant a two-level enhancement under section 3C1.1. Nevertheless, the government, at the time it entered into the Plea Agreement, agreed that defendant had accepted responsibility, despite his earlier attempt to obstruct justice, by pleading guilty and agreeing to forfeit his assets. The Plea Agreement stated that the government agreed to recommend a three-level decrease in the defendant's offense level for acceptance of responsibility "as long as prior to and at sentencing the defendant continues to exhibit conduct consistent with acceptance of responsibility."

Subsequent to the Plea Agreement, it was discovered that Monem provided the Probation Department with a false social security number to conceal that he had been improperly receiving disability income during various periods in which he was incarcerated, dating as far back as 1977. The Presentence Investigation Report (PSR) prepared by the Probation Department in anticipation of

Monem's sentencing therefore did not recommend that the appellant receive the three-level decrease for acceptance of responsibility. At sentencing, the government alleged that in the two years prior to sentencing alone, Monem received over $21,000 in benefits, which he concealed from the Probation Department. The government nevertheless took the position at sentencing that Monem should receive the credit for acceptance of responsibility, but acknowledged that it was a "close call" and that Monem bore the burden of establishing that his case was the "extraordinary" one in which a sentence enhancement for obstruction of justice and a sentence reduction for acceptance of responsibility were both warranted.

■ The district court considered the evidence presented, including the defendant's willingness to enter into a plea agreement and his agreement to be interviewed by the government. The court also considered evidence that Monem had not provided the government with any information leading to the prosecution or arrest of anyone else, as well as the evidence that Monem provided a false social security number to the Probation Department. Based on this evidence, the court concluded that Monem had not met the burden of establishing that his was the "extraordinary" case warranting a decrease for acceptance of responsibility in spite of his enhancement for obstruction of justice. This determination was not erroneous. "A defendant's failure to demonstrate truthfulness to a probation officer is 'certainly a factor upon which a judge might properly rely in determining that the defendant has failed to accept responsibility.'" *United States v. Sanchez–Estrada,* 62 F.3d 981, 986 (7th Cir. 1995) (quoting *United States v. Kerr,* 13 F.3d 203, 205 (7th Cir.1993)).

## IV.

■ Lastly, Monem challenges the district court's imposition of a $15,000 fine on the ground that the district court ignored evidence that he is indigent.[3] Because Monem did not object to the imposition of the fine at sentencing, we review only for plain error. *See United States v. Flores–Sandoval,* 94 F.3d 346, 351 (7th Cir.1996); *United States v. Burrows,* 48 F.3d 1011, 1019 (7th Cir.), *cert. denied, Burrows v. United States,* — U.S. ——, 115 S.Ct. 2632, 132 L.Ed.2d 872 (1995). Section 5E1.2 of the Sentencing Guidelines provides that the imposition of a fine is mandatory "in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." *See United States v. Sanchez–Estrada,* 62 F.3d 981, 989 (7th Cir.1995) (stating that language of § 5E1.2 "is to be taken seriously" and court "must impose a fine unless the defendant demonstrates that he cannot pay anything"). The burden is on the defendant to prove that he does not have the financial means to do so. *Id.*

■ Monem argues that the district court ignored irrefuted evidence that he did not have the ability to pay the fine. The appellant directs us to the factual findings of the PSR and to statements made by the government at the sentencing hearing. The PSR states:

From the information able to be located, it appears Mr. Monem has little assets and he has no monthly cash flow. Therefore, it does not appear he has the financial ability to pay an immediate fine or a fine within the guideline range, however, he could pay a fine below the guideline range in installment payments once released. It does not appear he has the financial ability to pay interest on a fine, the cost of incarceration, community confinement, or supervision, and these could be waived or community service ordered as an alternative pursuant to U.S.S.G. § 5E1.2(f).

In addition, the government recommended that no fine be imposed because Monem had agreed in the Plea Agreement to forfeit substantially all of his assets. The government

---

**3.** Appellant also takes exception with the disparity between his sentence and those of his co-defendants. We have held on several occasions that this is not a valid basis on which to challenge a sentence that is otherwise correctly calculated. *See United States v. Dillard,* 43 F.3d 299, 311 (7th Cir.1994); *United States v. Edwards,* 945 F.2d 1387, 1397–98 (7th Cir.1991); *United States v. Smith,* 897 F.2d 909, 911 (7th Cir.1990). We therefore summarily reject this argument.

stated, "I would ask, therefore, the Court not impose a fine. I think that would probably be unnecessary. Would be difficult to collect." Contrary to the recommendations of both the government and the PSR, the sentencing judge imposed a $15,000 fine. The judge stated: "The Court will accept the recommendation of the presentence report and impose a fine of $15,000, which is the minimum fine." The judge therefore imposed a fine not recommended by the PSR, while purporting to accept the PSR's recommendation.

In determining the amount of any fine to be imposed, section 5E1.2 requires that the district court consider seven factors, including evidence presented as to the defendant's ability to pay and as to the burden the fine would place on the defendant and his dependents. See U.S.S.G. § 5E1.2(d)(1)–(7). This court has held that this provision places an affirmative duty on the district court to make specific findings with respect to those factors. See United States v. Ahmad, 2 F.3d 245, 248 (7th Cir.1993) ("District judges imposing sentence should be conscious that the Guidelines regulate fines no less than imprisonment and impose a detailed sequence of considerations . . . ."); see also United States v. Vargas, 16 F.3d 155, 159 (7th Cir.1994); United States v. Masters, 924 F.2d 1362, 1369 (7th Cir.), cert. denied, 500 U.S. 919, 111 S.Ct. 2019, 114 L.Ed.2d 105 (1991).

We have held that the district court "may discharge its duty to make factual findings by adopting the findings of the presentence report." See Vargas, 16 F.3d at 159; United States v. Troka, 987 F.2d 472, 474 (7th Cir. 1993). However, we have declined to accept such blanket statements where the evidence indicates that the court has neglected to make the required factual findings. For example, in United States v. Vargas, 16 F.3d 155, we held that the court did not satisfy its obligation under section 5E1.2 by expressly stating that it had adopted the factual findings of the PSR when the court neither discussed the issue of the fine, nor referenced the PSR's analysis of the defendant's financial condition. Id. at 159. In Vargas, we also noted that the court's statement that it accepted only those statements "as to which there has been no objection" cast doubt on whether the court had accepted the PSR's statements regarding the defendant's financial condition, as defendant had in fact objected to them. Id. Finally, we addressed the fact that the PSR itself must contain the necessary factual findings. We stated that "even if the court had specifically adopted the report's financial analysis, its duty to make findings would not have been exhausted, for the analysis addresses only one of the several factors relevant to imposition of a fine." Id.

As in Vargas, we are unable to conclude that the district court made the required factual findings. The court's statement that it "will accept the recommendation of the presentence report and impose a fine of $15,000, which is the minimum fine" is clearly inconsistent with the PSR's recommendation that Monem receive a fine below the Guideline range, to be made in installments after his release. See United States v. Berman, 21 F.3d 753, 758 (7th Cir.1994) (holding that remand was necessary to explain inconsistency where restitution was ordered but fine excused on grounds of inability to pay); United States v. Ahmad, 2 F.3d 245, 248 (7th Cir.1993) (same). We are unable to accept the district court's blanket statement that it accepted the recommendation of the PSR when an unexplained contradiction is evident from the record.[4] We therefore remand this case to the district court to make the required factual findings justifying the amount of the fine imposed.

---

4. This case is distinguishable from United States v. Flores–Sandoval, 94 F.3d 346 (7th Cir.1996), in which we held that the sentencing judge's failure to fully articulate its reasons for imposing a fine was not plain error. Id. at 351. In Flores–Sandoval, the sentencing judge justified the imposition of a fine, stating that, "considering the defendant's financial condition," the defendant could afford to pay an $8,000 fine. Id. We found that "it [was] clear from the record that the district court did consider the factors in the presentence report relevant to Flores' ability to pay." Id. Therefore, the district court's failure to articulate the factors the court considered did not affect the amount of the fine. In contrast, the impression left from the record in the instant case is that the district judge was in error as to the PSR's recommendation. Such a mistake would have affected the amount of the fine imposed.

It may be that the district court intended to indicate that it accepted the PSR's findings that Monem had no present ability to pay a fine, but that other considerations influenced the court to impose the minimum fine, rather than a fine below the Guideline range. For instance, the government's recommendation at sentencing that no fine be imposed was somewhat qualified by its statement that "the discovery of the Social Security income raises some question in the Government's mind as to whether there are other assets the Government has not found." As the Commentary to section 5E1.2 indicates, "[t]he existence of income or assets that the defendant failed to disclose may justify a larger fine than that which otherwise would be warranted under § 5E1.2." U.S.S.G. § 5E1.2, comment. (n. 6). This is one explanation for the sentencing judge's decision to impose the minimum fine within the Guideline range, despite the PSR's recommendation to the contrary.

On the other hand, it may be that the court felt that Monem would be able to pay some portion of the fine from the wages he could earn in prison. After imposing the fine, the court ordered the appellant to participate in the Federal Bureau of Prisons Inmate Financial Responsibility Program. *See Burrows*, 48 F.3d at 1018 (citing *United States v. Gomez*, 24 F.3d 924, 927 (7th Cir.1994) (stating that, under Guidelines, district courts may consider indigent defendant's ability to earn money from Inmate Financial Responsibility Program)). This is of course also mere conjecture. We decline to rely on this type of speculation where the record reveals only that the sentencing judge appears to have been mistaken as to the contents of the PSR. *See United States v. Berman*, 21 F.3d 753, 759 (7th Cir.1994) ("[I]t is for the district judge to furnish the reason in the first instance."); *United States v. Ahmad*, 2 F.3d 245, 248 (7th Cir.1993) (same); *see also United States v. Berndt*, 86 F.3d 803, 808 (8th Cir.1996) (A district court "must provide enough information on the record to show that it considered the [sec. 5E1.2] factors so that the appellate court can engage in meaningful review."). We therefore REMAND this case to the district court for the sole purpose of allowing the court to clarify its

reasons for imposing a fine in the amount of $15,000. We AFFIRM in all other respects.