**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Hanafi MONEM, Defendant–Appellant.**

**No. 97–1220.**

United States Court of Appeals,
Seventh Circuit.

Submitted June 30, 1997*.

Filed July 24, 1997.

---

* This successive appeal has been submitted to the original panel pursuant to Operating Procedure 6(b). After reviewing the briefs and the record, the panel is unanimously of the view that oral argument is unnecessary. Accordingly, the appeal has been submitted on the briefs and the record alone. *See* Fed. R.App. P. 34(a); Cir. R. 34(f). Fed. R.App. P. 34(a); Cir. R. 34(f).

Thomas P. Schneider (submitted on briefs), Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Lew A. Wasserman, Wasserman Law Office, Milwaukee, WI, for Defendant–Appellant.

Before ESCHBACH, FLAUM, and KANNE, Circuit Judges.

FLAUM, Circuit Judge.

Hanafi Monem pleaded guilty to conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). In *United States v. Monem*, 104 F.3d 905, 913 (7th Cir.1997), familiarity with which will be presumed, we remanded this case "for the sole purpose of allowing the [district] court to clarify its reasons for imposing a fine in the amount of $15,000." At sentencing, the Presentence Investigation Report ("PSR") indicated that Monem apparently did not have "the financial ability to pay an immediate fine or a fine within the guideline range, ... [but that he] could pay a fine below the guideline range in installment payments once released." *Id.* at 911. Despite this suggestion, the district court purported to rely on the PSR in imposing the $15,000 fine, a sum that fell within the applicable Guideline range, albeit at the bottom of the range. Although we were able to posit explanations for the seeming inconsistency, we were unwilling to uphold the fine on the basis of "mere conjecture." *Id.* at 913. Because the district court "appear[ed] to have been mistaken as to the contents of the PSR," *id.*, the court's reference to that document did not discharge its duty to make specific findings with respect to the factors set forth in section 5E1.2(d) of the United States Sentencing Commission Guidelines.

We therefore remanded to permit the district court to discharge that duty.

Two days after our decision was announced, the district court issued an order pursuant to our directive. The court explained that "[w]hile the ... [PSR] recommended that the Court impose a fine below the guideline range, the Court imposed the minimum fine of $15,000 for the following reasons":

First, the Court accepts the PSR recommendation that some fine be imposed. (The Court rejected the suggestion of the government that no fine be imposed.)

Second, the Court ordered Monem to participate in the Federal Bureau of Prisons Inmate Financial Responsibility Program and defendant Monem will have the opportunity to pay quarterly against the fine with earnings from this Program.

Third, the Court finds that defendant Monem shielded assets from the government, which justifies a larger fine than that recommended by the PSR.

Fourth, the Court will accept the PSR's suggestion that defendant Monem be allowed to pay any balance due and owing on the fine in installments after his release.

Arguing that the district court again misconstrued the PSR and applied an incorrect legal standard, Monem now appeals this order. In the alternative, he argues that he was entitled to an opportunity to be heard before the district court issued its order. For the following reasons, we affirm.

Before discussing the district court's order, we reiterate the standards that guided the district court's selection of a fine and that govern our review of its decision. Section 5E1.2(a) of the Guidelines commands that a court "shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." Unless a defendant establishes his inability to pay all or part of a fine, the fine imposed "shall be within the range specified" in the table set forth in subsection (c) of section 5E1.2, in addition to the costs of imprisonment, probation, or supervised release. U.S.S.G. § 5E1.2(b)-(i). *See generally United States*

*v. Turner*, 998 F.2d 534, 538 (7th Cir.1993) (explaining method of computing fine). If the defendant establishes such inability, the court need not, but *"may* impose a lesser fine or waive the fine." U.S.S.G. § 5E1.2(f) (emphasis added). In other words, the district court has no authority to depart below the prescribed range unless the defendant establishes his inability to pay, and even then the court merely has the discretion to impose a fine below the range. In determining the amount of the fine to be imposed, however, the court must consider the factors set forth in subsection (d) of section 5E1.2, as well as those listed in 18 U.S.C. §§ 3572(a) & 3553(a). These, then, were the considerations that governed the district court's selection of a fine. As noted in our original opinion in this case, Monem failed to object at sentencing to the fine, and our review is therefore limited to an inspection for plain error. Moreover, we note that we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Under the latter statute, once we determine that the district court's findings and reasoning were legally sufficient, we lack jurisdiction to review any discretionary decision regarding the amount of the fine.

■ The district court's order makes clear that Monem's sentence was not based on a misreading of the PSR. To the contrary, the order acknowledges at the outset that the PSR "recommended that the Court impose a fine below the guideline range." Although Monem argues that the PSR's suggestion that he "could" pay a reduced fine did not, as the district court indicated, constitute a *recommendation* that he pay a fine, we do not think much of this distinction, particularly in light of the Guidelines' clear preference in most cases for the imposition of a fine. What is important is that the district court understood the PSR and articulated a rationale for its conclusion where it disagreed with the PSR. Although Monem faults the court for ignoring what he takes to be the PSR's suggestion that Monem begin paying the fine "once released," the district court was free, within certain limits, to structure its own payment schedule. Section 5E1.2(f)(1) places upon the defendant the burden to establish that "he is not able and,

*even with the use of a reasonable installment schedule*, is not likely to become able to pay all or part of the fine required." (Emphasis added.) Monem clearly has not met that burden here, where the district court's order contemplates that he "be allowed to pay any balance due and owing on the fine in installments after his release."

■ Monem also takes issue with the district court's observation that he "shielded assets from the government." It is undeniable that Monem did, in fact, conceal assets. *See Monem*, 104 F.3d at 910–11 ("Subsequent to the Plea Agreement, it was discovered that Monem provided the Probation Department with a false social security number to conceal that he had been improperly receiving disability income during various periods in which he was incarcerated, dating as far back as 1977."). He nevertheless argues that the court's order requires further clarification. He complains, "the Order does not state with any specificity the basis for this conclusion, nor offer a finding as to the amount of the shielded assets, . . . or whether those assets are available to amortize the fine." In so arguing, Monem misapprehends the balance struck by section 5E1.2. The burden was on Monem to establish his inability to pay a fine. *See United States v. Granado*, 72 F.3d 1287, 1291–93 (7th Cir.1995). Although the district court was obliged to consider Monem's financial resources, it was not required to identify specific assets with which Monem would pay the fine. At the very least, Monem's demonstrated willingness to conceal assets supported the inference that he possessed funds yet to be discovered by the government. Moreover, Monem's use of a false social security number was an equitable consideration that the court was entitled to take into account. *See* U.S.S.G. § 5E1.2(d)(7). In short, we are satisfied that the district court did not commit plain error and that another remand would be pointless.

■ Finally, we reject Monem's claim that he was entitled to a new hearing. Monem had his sentencing hearing and chose not to contest the fine. We did not vacate his sentence, but remanded for the district court

to present its logic in a fashion amenable to appellate review. The court has now done so, and we have concluded that its imposition of the fine did not violate the law. Consequently, we AFFIRM the district court's decision to impose the $15,000 fine.