129 F.3d 1267
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph CARSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 97-2187.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 23, 1997.*
Decided Nov. 3, 1997.
 
 Appeal from the United States District Court for the Southern District of Illinois, No. 96-395-WLB; William L. Beatty, Judge.
 Before ENGEL, Circuit Judge,** EASTERBROOK, and KANNE, Circuit Judges.
 
 Order
 
 1
 Joseph Carson's convictions were affirmed on direct appeal four years ago. United SLates v. Carson, 9 F.3d 576 (7th Cir.1993). Two years after that, we affirmed an order denying Carson and his co-defendants a new trial, on their motion under Fed.R.Crim.P. 33. United States v. Flaugher, No. 95-1084 et al. (7th Cir. Aug. 2, 1995) (unpublished order). Trying his luck a third time, Carson filed a petition under 28 U.S.C. § 2255, contending that the jury instructions concerning his firearms conviction under 18 U.S.C. § 924(c) defined "use" in a way disapproved by Bailey v. United States, 116 S.Ct. 501 (1995). That they did, but the district court concluded that on correct instructions the jury would have been bound to conclude that Carson "carried" a firearm during and in relation to his drug crimes. The district court denied the petition and also declined to issue a certificate of appealability. Later a judge of this court issued such a certificate. A month after the certificate was issued, Young v. United States, No. 97-1518 (7th Cir. Aug. 21, 1997), slip op. 8-11, held that claims based on Bailey do not satisfy the statutory criteria for certificates of appealability. Young also concluded, however, that an improperly issued certificate of appealability is not a jurisdictional shortcoming. As the United States has not asked us to vacate the certificate of appealability, we do not tarry over the subject.
 
 
 2
 Before turning to the merits, we must mention the possibility that Carson's Rule 33 motion should be treated as an initial collateral attack for purposes of the successive-petition standards introduced by the Antiterrorism and Effective Death Penalty Act. We have yet to decide whether post-judgment motions not formally under § 2255 count as initial petitions. It is not necessary to do so in this case--though for completeness we add that if the current proceeding is best understood as a successive collateral attack, we deny permission to commence it for the reason stated in Nunez v. United States, 96 F.3d 990 (7th Cir.1996).
 
 
 3
 Carson participated in a drug transaction and was arrested as the transaction closed. Agents found a loaded .357 Magnum revolver under the driver's seat of Carson's vehicle. This is the only evidence that Carson "used" or "carried" the gun. Evidence of a gun's presence in a moving vehicle suffices to show carrying. See Young and the cases it cites. The jury had no basis on which to conclude that Carson "used" the gun but did not "carry" it, or the reverse. Indeed, his defense had nothing to do with either term. It was that the gun was available for self-protection from risks unrelated to drug transactions. The defense, in other words, was that the gun was not carried (or used) "during and in relation to" the drug crime. That element of § 924(c) was utterly unaffected by Bailey. See Davis v. United States, 417 U.S. 333 (1974); Broadway v. United States, 104 F.3d 911, 902-04 (7th Cir.1997). An argument that the evidence is insufficient to show the necessary "relation" could have been raised on direct appeal but was not, and is hence forfeited. A collateral attack is not a belated appeal. Moreover, such an argument is unavailing; the evidence permitted the jury to infer a "relation" between the gun and the drug transaction. The district court correctly held that collateral relief is unwarranted.
 
 AFFIRMED
 
 
 *
 This successive appeal was assigned to the original panel under Operating Procedure 6(b). After an examination of the briefs and record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 **
 Of the Sixth Circuit, sitting by designation