**UNITED STATES of America, Plaintiff–Appellee,**

v.

**William L. BAUER, Defendant–Appellant.**

No. 97–1779.

United States Court of Appeals, Seventh Circuit.

Argued Aug. 5, 1997.

Decided Nov. 20, 1997.*

---

* This opinion has been circulated among all judges of this court in regular active service pursuant to Circuit Rule 40(e). No judge favored a rehearing en banc.

Colin S. Bruce (argued), Bradley W. Murphy, Darilynn J. Knauss, Office of the U.S. Atty., Peoria, IL, for Plaintiff–Appellee.

George F. Taseff (argued), Office of the Federal Public Defender, Peoria, IL, for Defendant–Appellant.

Before EASTERBROOK, MANION and KANNE, Circuit Judges:

KANNE, Circuit Judge.

William L. Bauer pleaded guilty on September 30, 1996, to two counts of interference with commerce by threats or violence in violation of 18 U.S.C. § 1951 (Counts 1 and 3); three counts of use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1) (Counts 2, 4, and 7); one count of bank robbery in violation of 18 U.S.C. § 2113(a) and (d)[1] (Count 5); one count of bank robbery in violation of 18 U.S.C. § 2113(a) and (e) (Count 6); and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count 8). In addition to being sentenced to five concurrent life imprisonment sentences, 60 months on Count 2 and 240 months on Counts 4 and 7, Bauer was ordered to pay a $175,000 fine and $47,860.13 in restitution. He appeals, contending that the district court erred in imposing a fine without making the appropriate findings as required by U.S.S.G. § 5E1.2(d), and that the requirement of mandatory life imprisonment under 18 U.S.C. § 3559(c) is unconstitutional. We affirm.

## I. STATEMENT OF FACTS

The day after Bauer was charged in this case, the government filed notice under 18 U.S.C. § 3559 that it would seek life imprisonment for Bauer based on four prior armed robbery convictions and one prior arson conviction. He originally pleaded not guilty but later changed his plea to guilty with no written plea agreement. The presentence report ("PSR") indicated that the statutory fine available under 18 U.S.C. § 3571(b)(3) for each of the eight counts was $250,000 while the United States Sentencing Guidelines

1. The indictment states that Count 5 was a violation of 18 U.S.C. § 2113(a) and (d). It appears that the Presentence Report and the judgment incorrectly indicate that Count 5 was a violation of § 2113(a) and (b).

("U.S.S.G.") provided for a fine in the range of $17,500 to $175,000 under § 5E1.2(c)(3). The sentencing recommendation prepared by the probation officer and provided to the district court recommended a fine of $175,000 because of the potential for an increase in the defendant's net worth in the future and due to Bauer's possible participation in the Bureau of Prisons Inmate Financial Responsibility Program.

At the beginning of the sentencing hearing in March 1997, the district court judge noted that Bauer was part of the Witness Protection Program. He also stated that he would rely on a supplement to the PSR which contained information excluded from the PSR. The supplement was a two-page document filed pursuant to Federal Rules of Criminal Procedure 32(c)(3)(A) and 32(b)(5),[2] and indicated that Bauer may be entitled to a substantial sum of money in the future. After asking each side in open court whether they had had a chance to review the PSR, the court suggested that the defense might want the proceeding to continue *in camera* to discuss the confidential information contained in the supplement to the PSR. During the *in camera* proceeding, both parties indicated that they had had an opportunity to review the supplement and had no objections.

After resuming the sentencing hearing in open court, the court preserved Bauer's challenge to the constitutionality of § 3559(c) which had been made *in camera*. After determining that neither side had objections to the PSR as supplemented, the court adopted the factual findings and Guidelines applications recited in the PSR. With respect to the fine, the court stated:

> The court also feels that under the circumstances in the event the defendant's net worth would increase in the future, and in consideration of the fact that the Bureau of Prisons has an inmate financial responsibility program in which defendant may participate, and ·because he in all likelihood

would be given vocational—a job while he's in prison, the Court feels that a fine in the amount of $175,000 is ordered.

Bauer filed a timely notice of appeal.

## II. ANALYSIS

■ Bauer argues that the district court failed to make the findings required by U.S.S.G. § 5E1.2(d) before imposing the $175,000 fine. Because Bauer did not object to the fine at sentencing, this court reviews the imposition of the fine by the district court for plain error. *United States v. Olano,* 507 U.S. 725, 731, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993); *United States v. Monem,* 104 F.3d 905, 911 (7th Cir.1997). Under this standard of review, this court will not reverse the district court unless there was error, the error was plain, and the error affected the defendant's substantial rights. *Olano,* 507 U.S. at 732, 113 S.Ct. at 1776; *United States v. Flores–Sandoval,* 94 F.3d 346, 351 (7th Cir.1996) (quotation omitted). The error must be "palpably wrong" and likely have resulted in a different sentence. *Flores–Sandoval,* 94 F.3d at 351.

■ Section 5E1.2 requires that a district court impose a fine unless the "defendant establishes that he is unable to pay and is not likely to become able to pay any fine." § 5E1.2(a); *see also United States v. Sanchez–Estrada,* 62 F.3d 981, 989 (7th Cir. 1995). It is the defendant's burden to show that he does not have the financial means to pay a fine. *Monem,* 104 F.3d at 911. The Guidelines state that a district court "shall consider" seven factors before imposing a fine. U.S.S.G. § 5E1.2(d)(1)-(7). These factors include:

> (1) the need for the combined sentence to reflect the seriousness of the offense (including the harm or loss to the victim and the gain to the defendant), to promote respect for the law, to provide just punishment and to afford adequate deterrence;

**2.** Federal Rule of Criminal Procedure 32(b)(5) provides that "[t]he presentence report must exclude: ... (B) sources obtained upon a promise of confidentiality; or (C) any other information that, if disclosed, might result in harm, physical or otherwise, to the defendant or other persons." Further, Rule 32(c)(3)(A) states that "[i]f the court has received information excluded from the presentence report under subdivision (b)(5) the court—in lieu of making that information available—must summarize it in writing, if the information will be relied on in determining sentence."

(2) any evidence presented as to the defendant's ability to pay the fine (including the ability to pay over a period of time) in light of his earning capacity and financial resources;

(3) the burden that the fine places on the defendant and his dependents relative to alternative punishments;

(4) any restitution or reparation that the defendant has made or is obligated to make;

(5) any collateral consequences of conviction, including civil obligations arising from the defendant's conduct;

(6) whether the defendant previously has been fined for a similar offense; and

(7) any other pertinent equitable considerations.

U.S.S.G. § 5E1.2(d). Similar statutory considerations are provided for in 18 U.S.C. § 3572(a).[3]

The circuits have taken different approaches as to whether the district court is required to make specific findings of fact regarding the factors relating to a defendant's ability to pay a fine. Compare cases requiring express findings, *United States v. Quintero*, 38 F.3d 1317, 1343 (3d Cir.1994); *United States v. Walker*, 39 F.3d 489, 492 (4th Cir.1994); *United States v. Van Brocklin*, 115 F.3d 587, 602 (8th Cir.1997); *United States v. Cammisano*, 917 F.2d 1057, 1064 (8th Cir.1990), with cases not requiring express findings, *United States v. Peppe*, 80 F.3d 19, 22 (1st Cir.1996); *United States v.*

*Puello*, 21 F.3d 7, 11 (2d Cir.1994); *United States v. Segler*, 37 F.3d 1131, 1135–36 (5th Cir.1994); *United States v. Tosca*, 18 F.3d 1352, 1354–55 (6th Cir.1994); *United States v. Quan–Guerra*, 929 F.2d 1425, 1427 (9th Cir.1991); *United States v. Washington–Williams*, 945 F.2d 325, 328 (10th Cir.1991); *United States v. Lombardo*, 35 F.3d 526, 530 (11th Cir.1994);[4] *United States v. Sobin*, 56 F.3d 1423, 1430 (D.C.Cir.1995).

■ This circuit has included language in several opinions indicating that, like the Third, Fourth, and Eighth Circuits, express findings regarding the factors are required. *See Monem*, 104 F.3d at 912 ("This court has held that this provision [sec. 5E1.2] places an affirmative duty on the district court to make specific findings with respect to those factors."); *United States v. Granado*, 72 F.3d 1287, 1293 (7th Cir.1995) ("We also require the court to render findings as to the factors bearing on the fine"); *United States v. Vargas*, 16 F.3d 155, 159 (7th Cir.1994) ("In this circuit, furthermore, the district court must 'make specific findings' with respect to [the sec.5E1.2] factors."); *United States v. Jones*, 983 F.2d 1425, 1434 (7th Cir.1993) ("[T]he sentencing Judge must consider factors set forth in 18 U.S.C. § 3572(a)(2) and Guidelines § 5E1.2(d) and then make specific findings"); *United States v. Masters*, 924 F.2d 1362, 1369 (7th Cir.1991). *But see United States v. Morgano*, 39 F.3d 1358, 1372–73 (7th Cir.1994) ("[T]he district court is under no obligation to enter specific findings as to each factor"); *United States v. Levine*, 5

---

**3.** 18 U.S.C. § 3572(a) states:

(a) **Factors to be considered.**—In determining whether to impose a fine, and the amount, time for payment, and method of payment of a fine, the court shall consider, in addition to the factors set forth in section 3553(a)(1) the defendant's income, earning capacity, and financial resources;

(2) the burden that the fine will impose upon the defendant, any person who is financially dependent on the defendant, or any other person (including a government) that would be responsible for the welfare of any person financially dependent on the defendant, relative to the burden that alternative punishments would impose;

(3) any pecuniary loss inflicted upon others as a result of the offense;

(4) whether restitution is ordered or made and the amount of such restitution;

(5) the need to deprive the defendant of illegally obtained gains from the offense;

(6) the expected costs to the government of any imprisonment, supervised release, or probation component of the sentence;

(7) whether the defendant can pass on to consumers or other persons the expense of the fine; and

(8) if the defendant is an organization, the size of the organization and any measure taken by the organization to discipline any officer, director, employee, or agent of the organization responsible for the offense and to prevent a recurrence of such an offense.

**4.** *Cf. United States v. Paskett*, 950 F.2d 705, 709 (11th Cir.1992) (remanding $100,000 fine where district court failed to discuss any factors justifying the fine and where the presentence report was inconclusive).

F.3d 1100, 1109–10 (7th Cir.1993) (stating that sentencing court required to consider several factors when imposing fine); *United States v. Radix Lab., Inc.*, 963 F.2d 1034, 1043 (7th Cir.1992) ("[T]his court has not in past cases required the district court to make specific findings regarding every factor of section 3622 [the section applicable to fines imposed on preGuidelines offenses]"). The requirement to articulate specific findings may be satisfied by adopting the findings contained in the PSR. *Monem*, 104 F.3d at 912 (citations omitted).

Based on what may be perceived as inconsistencies in our case law, we take this opportunity to make clear that any language in our earlier opinions which may have been interpreted as requiring specific findings on each of the seven factors is not the position of this court. Rather, we explicitly reiterate that the rule in this circuit is that express or specific findings regarding each of the relevant factors to be considered before imposing a fine are not required.[5] Several considerations lead us to restate this conclusion. First, express findings are not mandated by either the Guidelines or by statute. Section 5E1.2(d) of the Guidelines states only that the court "shall consider" the seven factors but does not require express findings regarding each factor. U.S.S.G. § 5E1. 2(d); *see Morgano*, 39 F.3d at 1373 ("[T]he statutes and Guidelines only mandate the sentencing court to 'consider' the relevant factors"); *see also Segler*, 37 F.3d at 1136 (" '[T]he guidelines set forth no requirement that the district court make express findings [demonstrating consideration of the factors in § 5E1.2], and we decline to create one.' ") (quoting *United States v. Matovsky*, 935 F.2d 719, 722 (5th Cir.1991)). Moreover, the statutory language of 18 U.S.C. § 3572(a) describes the factors to be "considered" when imposing a fine and does not impose a requirement of express findings regarding each factor. *See Morgano*, 39 F.3d at 1373; *see also United States v. Eureka Lab., Inc.*, 103 F.3d 908, 913–14 (9th Cir.1996); *Lombardo*, 35 F.3d at 530; *United States v. Marquez*, 941 F.2d 60, 65 (2d Cir.1991).

In addition, we believe that our clarification today accurately represents the approach we have used in our earlier decisions on this issue, despite some language to the contrary. In *Masters*, this court appeared to support a rule requiring specific findings for each of the factors. *Masters*, 924 F.2d at 1369 (stating that the relevant statutory and Guidelines provisions require the district court to consider certain factors prior to imposing a fine and stating that "[t]he judge made no findings with respect to any of these factors, and he must do so on remand before imposing a fine"). However, in several subsequent cases, we stated that the relevant factors only must be considered by the district court. *See United States v. Blackman*, 950 F.2d 420, 425 (7th Cir.1991); *United States v. Bradach*, 949 F.2d 1461, 1464 (7th Cir.1991). And in *Radix Lab.*, we specifically noted, citing *Masters*, that we had not previously required specific findings on each of the factors and would not in that case either. *Radix Lab.*, 963 F.2d at 1043.

Subsequently, however, in *Jones*, 983 F.2d at 1434, we stated that *Masters* requires the district court to make express findings, but concluded that because the defendant refused to present financial data and because it stated that the fine was to come from a trust fund in the defendant's name, the district court had not erred in imposing a fine. *Id.* Thus, we inferred that the factors had been considered and the fine was allowed to stand despite the failure of the district court to articulate specific findings on each factor.

Later, in *Morgano*, we reiterated that a sentencing court was not required to make specific findings as to each factor, and concluded that "[t]he record must merely indicate the court considered the statutory factors, in general, in arriving at the fine." *Morgano*, 39 F.3d at 1372–73. In *United States v. Young*, 66 F.3d 830, 838–39 (7th Cir.1995), we noted that the district court must consider certain factors but imposed no requirement that express findings be made. We concluded that the record made clear

---

**5.** Although we believe that the language which may have implied that specific findings are required on each factor before imposing a fine is restricted to the five cases we have noted, our holding applies to any of our previous decisions which contain a similar implication.

that the district court had considered the relevant factors by noting the financial information in the PSR and by expressly commenting on the relevant factors. *Id.*

Similarly, in *Granado*, 72 F.3d at 1293, we affirmed the imposition of a fine even though the district court did not make specific findings as to each of the seven factors relevant to the propriety of the fine; in particular, the burden imposed on the family. We reasoned that in addition to explicitly adopting the findings set forth in the PSR, the district court made its own comments regarding the defendant's ability to pay a fine. *Id.* Further, as in *Jones*, Granado failed to provide the financial information necessary to make the findings with respect to the potential burden on the family. Accordingly, the court concluded that "[u]nder these circumstances, we cannot fault the district court for not considering in greater detail the ramifications of a fine." *Id.*

In *Flores–Sandoval*, 94 F.3d at 351, the defendant argued that the district court erred by failing to state its reasoning for imposing an $8,000 fine. This court stated that it was not deciding whether "the court could or should have more fully articulated its reasons for imposing a fine," but that its failure to do so was not plain error because "it [was] clear from the record that the district court did consider the factors in the presentence report relevant to Flores' ability to pay." *Id.*

While we have vacated and remanded judgments imposing fines for failure to make specific findings, the remand was necessary in those cases because of the district court's failure to make any findings of fact at all or because of inconsistencies between what the district court stated it intended to do and the actual fine imposed. For example, in *Vargas*, the district court adopted the findings of the PSR, which included a financial analysis of the defendant, and imposed a fine. *Vargas*, 16 F.3d at 159. We noted that while it may be proper for the district court to discharge its duty to make express findings by adopting the findings in the PSR, the district court "never discussed the issue of concern here-the appropriateness of the fine—and never mentioned the presentence report's analysis of [the defendant's] financial condition." *Id.* The court noted also that the district court had expressly adopted the factual findings of the PSR only with respect to those issues to which the defendant had not objected. Because the defendant objected to the financial analysis, it was unclear that the district court had adopted that part of the PSR. *Id.*

More recently, in *Monem*, this court remanded for an articulation of factors when the district court stated that it was accepting the recommendation in the PSR and imposing the minimum fine of $15,000 when, in fact, the PSR had recommended that Monem receive a fine below the minimum provided for by the Guidelines. *Monem*, 104 F.3d at 912.[6] We stated that we were "unable to accept the district court's blanket statement that it accepted the recommendation of the PSR when an unexplained contradiction is evident from the record." *Id.*

Although not resolving a conflict among the circuits, our intent in disavowing any language which may have implied that express findings are necessary is twofold. First, our clarification will relieve any tension within our circuit as to whether express findings are required as to each of the factors to be considered before imposing a fine. Second, it will eliminate the significant burden which our prior language may have placed on district courts to articulate their findings, particularly in light of the numerous cases in which fines are imposed. As indicated by our earlier decisions, our intent never has been to bind the district court to a strict, and often unnecessary, adherence to articulating its findings on each of the relevant factors. Despite some language to the contrary, we have consistently followed an approach which focuses on whether the district court properly has considered the necessary factors prior to imposing a fine. Of course, express find-

---

**6.** Although we cited *United States v. Ahmad*, 2 F.3d 245 (7th Cir.1993), among others, for the proposition that specific findings are required before imposing a fine, we note that, in *Ahmad*, we stated that the "Guidelines regulate fines no less than imprisonment and impose a detailed sequence of *considerations* that we sketched in *Turner.*" *Id.* at 248 (emphasis added).

ings as to each factor are helpful in demonstrating that the district court considered the relevant factors and we encourage district courts to continue to make express findings when possible. But a record can show that the appropriate consideration took place despite the· lack of specific findings on each factor, and a meaningful basis for reviewing the district court's considerations of the relevant factors is all that is necessary.

■ We therefore hold that express findings generally are not required regarding each of the seven factors to be considered when imposing a fine. Rather, we conclude that the sentencing court must consider the relevant factors and provide a reasoned and reviewable basis for its decision to impose a fine. We will remand the imposition of a fine only when it is unclear that the district court properly has considered the relevant factors, such as when the district court adopts the factual findings contained in the presentence report but deviates from the fine recommendation, if any, made by the United States Probation Office, or alternatively, if the district court declines to adopt the findings in the presentence report and makes no findings of its own. We believe that such an approach ensures consideration of the factors listed in § 5E1.2(d) without placing an added burden on the district court to make specific findings which are not mandated by statute or by the Guidelines. We are confident that our clarification today will continue to ensure such compliance.

We note further that the approach we adopt today is not at odds with those circuits which require express findings regarding the relevant factors to be considered. For example, the Fourth and Eighth Circuits, while stating that they adhere to requiring express findings, have affirmed fines where specific findings on each factor have not been made. See *United States v. Hyppolite*, 65 F.3d 1151, 1159 (4th Cir.1995) (stating that express findings are required, but concluding that the district court did not abuse its discretion in imposing a $300,000 fine "[b]ecause the court

considered the necessary factors under 18 U.S.C. § 3572(a), and because Hyppolite did not demonstrate his inability to pay" the fine); *United States v. Francisco*, 35 F.3d 116, 121–22 (4th Cir.1994) (stating that specific factual findings are required to comply with 18 U.S.C. § 3572(a), but concluding that because the defendant failed to object to the fine at sentencing, the district court made specific factual findings regarding the defendant's financial condition, and the PSR supported the imposition of the $2,000 fine, the district had properly complied with § 3572(a)); *United States v. Miller*, 995 F.2d 865, 869 (8th Cir.1993) (recognizing that specific findings must be made showing that the district court considered the seven factors and holding that district court's conclusion that defendants had reaped large profits while participating in conspiracy was sufficient).[7]

■ In this case, the record establishes, even without express findings, that the district court carefully considered the seven factors listed in § 5E1.2(d). Although not making express findings regarding each factor, the district court satisfied its duty to consider the relevant factors by adopting the PSR and the supplement to the PSR and by making express findings with respect to Bauer's ability to pay the fine. The PSR detailed Bauer's criminal history, including the sentences for the prior offenses. The PSR also discussed the amounts of money stolen by Bauer to be considered in the restitution determination and did not indicate that Bauer had financial responsibilities to any dependents in discussing his personal and family data. The supplement to the PSR provided additional details regarding Bauer's financial status and his participation in the Witness Protection Program which were not included in the original PSR in order to maintain its confidentiality. The supplement was made available to both parties who reviewed its contents prior to the sentencing hearing and who approved of its contents

---

7. We also observe that the Fifth Circuit has held that specific findings are not required except when the district court adopts the factual findings in the PSR showing a limited or no ability to pay a fine but imposes a fine based on additional evidence submitted by the government indicating the defendant's ability to pay. *United States v. Fair*, 979 F.2d 1037, 1041 (5th Cir.1992); *see also United States v. Hodges*, 110 F.3d 250, 251 (5th Cir.1997).

during the *in camera* portion of the hearing. Further, the court's statements that the fine was appropriate in light of the potential future payment to Bauer and the possibility of Bauer's employment while incarcerated were not in conflict with the facts set forth in the PSR as supplemented. Accordingly, in light of the sensitive nature of the information contained in the supplement to the PSR and the district court's attempt to honor the confidentiality of the information, the court's failure to more fully articulate its reasons for imposing the fine after considering the relevant factors was not plainly erroneous. *See Flores–Sandoval*, 94 F.3d at 351; *see also* Granado, 72 F.3d at 1293.

■ Although Bauer asserts that the PSR does not support the district court's imposition of a fine because the PSR states that Bauer had no income or assets, he ignores the supplement to the PSR which he received and approved, and the findings of which were ultimately adopted by the district court as its own. Bauer also argues in his reply brief that the district court's reliance on the information was inappropriate because the statute of limitations had expired with respect to any claim that Bauer might bring to recover the money allegedly promised to him by the government. However, this argument, having been raised initially in his reply brief, has been waived. *See United States v. Sertich*, 95 F.3d 520, 526–27 (7th Cir.1996).

Finally, Bauer asserts that the term of mandatory life imprisonment provided for in 18 U.S.C. § 3559(c) is unconstitutional. As Bauer concedes, this argument already has been rejected by this court in *United States v. Washington*, 109 F.3d 335, 338 (7th Cir. 1997) ("We therefore agree with *United States v. Farmer*, 73 F.3d 836 (8th Cir.1996), that the three-strikes law satisfies all constitutional requirements."). Bauer has provided no grounds on appeal as to why this court should re-evaluate its decision in *Washington*.

## III. CONCLUSION

The confidential nature of the information relied upon by the district court and the fact that the district court considered the relevant factors in making its determination indicate that its imposition of a fine in the amount of $175,000 was not plainly erroneous. In addition, Bauer makes no argument which would cause this court to reconsider its decision in *Washington* regarding the constitutionality of the three-strikes provision. Accordingly, the decision of the district court is

AFFIRMED.