134 F.3d 375
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
United States of America, Plaintiff-Appellee,
v.
Samuel K. TIDWELL, Defendant-Appellee.
 No. 97-1280.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 17, 1997*.
Decided Jan. 28, 1998.
 
 Before Hon. JOEL M. FLAUM, Hon. KENNETH F. RIPPLE, Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Samuel K. Tidwell appeals the district court's denial of his motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2). A jury convicted Tidwell of drug conspiracy, drug distribution, and gun possession offenses, and the district court imposed a sentence of life imprisonment as mandated by the United States Sentencing Guidelines ("U.S.S.G."). Following the denial of his direct appeal, United States v. Evans, 92 F.3d 540, 541 (7th Cir.), cert. denied, --- U.S. ----, 117 S.Ct. 537, 136 L.Ed.2d 422 (1996), Tidwell sought resentencing based on the retroactive application of Amendment 505 of the sentencing guidelines, which lowered the maximum base offense level dictated by the Drug Quantity Table in U.S.S.G. § 2D1.1 from level 42 to level 38. See U.S.S.G.App. C, Amend. 505; U.S.S.G. § 2D1.1(c)(2) (Nov. 1, 1994). This amendment correspondingly reduced Tidwell's sentencing range from a mandatory term of life imprisonment to a range of 360 months' to life imprisonment. However, the district court determined that Tidwell's life sentence was still appropriate. We vacate and remand for resentencing.
 
 
 2
 In the proceedings before the district court, the government conceded that Amendment 505 was made retroactive by its inclusion in U.S.S.G. § 1B1.10(c) (Nov. 1, 1995). The government maintained, however, that resentencing would be improper in light of the factors to be considered in imposing a sentence, set forth in 18 U.S.C. § 3553(a). The district court denied Tidwell's motion, stating: "Having considered the record, the reasons for imposing defendant's original life sentence and the factors enumerated in section 3553(a), the court finds that defendant's original sentence of life imprisonment is appropriate."
 
 
 3
 The issue on appeal is whether the district court erred in concluding that the reduction of Tidwell's sentence was not warranted. The decision to reduce a sentence based on an amendment to the sentencing guidelines is discretionary. See United States v.. Marshall, 83 F.3d 866, 869 n. 3 (7th Cir.1996) ( § 3582(c)(2) explicitly provides that reducing a sentence based on a retroactive amendment is discretionary). Thus, we review the district court's decision not to reduce Tidwell's sentence for abuse of discretion. See United States v. Gonzalez-Balderas, 105 F.3d 981, 982 (5th Cir.1997) (district court's decision whether to reduce a defendant's sentence based on the retroactive application of an amendment to the offense level is reviewed for abuse of discretion); United States v. Dorrough, 84 F.3d 1309, 1311 (10th Cir.1996) (same).
 
 
 4
 A district court may modify a term of imprisonment if a defendant's sentencing range has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The district court's discretion is guided by § 3582(c)(2): "the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. (emphasis added). Section 1B1.10 is the Sentencing Commission's policy statement regarding the retroactivity of amendments to the guideline range:
 
 
 5
 In determining whether, and to what extent, a reduction in sentence is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the sentence that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced.
 
 
 6
 U.S.S.G. § 1B1.10(b).
 
 
 7
 Tidwell essentially challenges the district court's denial of his motion for resentencing as inconsistent with U.S.S.G. § 1B1.10(b). Tidwell contends that at his original sentencing hearing, the district court expressed concern that life imprisonment, although mandated by the sentencing guidelines, was too severe a sentence for Tidwell. According to Tidwell, the district court's statements indicate that had Amendment 505 been in effect at the time of his original sentencing, the district court would have imposed a sentence other than life imprisonment.
 
 
 8
 Although the district court is not required to make specific findings as to each sentencing factor, the record must provide "a meaningful basis for reviewing the district court's consideration of the relevant factors...." United States v. Bauer, 129 F.3d 962, 968 (7th Cir.1997) (concerning the factors the district court must consider before imposing a fine under U.S.S.G. § 5E1.2); see United States v. Hale, 107 F.3d 526, 530 (7th Cir.1997) (although 18 U.S.C. § 3553(a) provides that the district court "shall" consider certain factors, the sentencing judge need not make findings addressed to each of the relevant factors; rather, the sentencing court must make "comments reflecting that the appropriate factors were considered"). The district court's order denying Tidwell's motion for resentencing makes no mention of § 1B1.10(b) or the sentence the district court would have imposed had Amendment 505 been in effect at the time Tidwell was sentenced. In the original judgment, the district court wrote that life imprisonment was "imposed as required under sentencing guidelines-life imprisonment only option under guidelines," which perhaps suggests, especially when read with the court's comments at the initial sentencing, that it may have imposed a different sentence if the guidelines had not mandated life imprisonment. Because the district court did not reference § 1B1.10 or the substance of that section when it denied Tidwell's motion for resentencing, we lack "a meaningful basis for reviewing the district court's consideration of the relevant factors." Bauer, at 968. Accordingly, we vacate the judgment of the district court and remand for resentencing on this ground.
 
 
 9
 Tidwell also contends that the district court did not consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). Tidwell argues that co-defendant Montie Russell was sentenced to 360 months' imprisonment, even though his criminal history is "far more aggravating" than Tidwell's. According to the record, Russell was actually sentenced to 420 months' imprisonment.
 
 
 10
 The disparity between Tidwell's and Russell's sentences is meaningful only if Tidwell's criminal history and conduct were equally or less culpable than Russell's. Although Tidwell alleges that Russell's criminal history is "far more aggravating" than his, Tidwell offers no comparison of his and Russell's conduct. We also note that six of Tidwell's co-defendants were sentenced to life imprisonment, illustrating that Tidwell's sentence was not disproportionate relative to the sentences of some of the other defendants. Tidwell has failed to demonstrate an unwarranted disparity between his sentence and the sentences of his co-defendants.
 
 Conclusion
 
 11
 For the foregoing reasons, we VACATE the judgment of the district court and REMAND for resentencing in light of U.S.S.G. § 1B1.10(b).
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)