151 F.3d 1034
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
United States of America, Plaintiff-Appellee,
v.
Ronald J. RUDOLPH, Defendant-Appellant.
 No. 97-3943.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 14, 1998*.
Decided May 15, 1998.
 
 Appeal from the United States District Court for the Western District of Wisconsin. No. 97-CR-29-S John C. Shabaz, Chief Judge.
 Before Hon. JOEL M. FLAUM, Hon. MICHAEL S. KANNE, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 Ronald J. Rudolph pleaded guilty to one count of possessing with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Rudolph to five years' imprisonment and five years' supervised release and fined him $125,000 as payment of the cost of his confinement and supervision. Rudolph appeals only the imposition of the $125,000 fine. We affirm.
 
 
 2
 Rudolph argues on appeal that in imposing the $125,000 fine for costs of confinement, the district court did not properly take into account the 1997 changes to the United States Sentencing Guideline § 5E1.2, which became effective prior to his sentencing. The amended guideline provides that in determining the amount of the fine to be imposed, the court "shall consider the expected costs to the government of any term of imprisonment or term of supervised release imposed." (Emphasis added) The prior guideline, which was relied upon in the preparation of Rudolph's presentence investigation report, provided that "the court shall impose an additional fine amount that is at least sufficient to pay the cost to the government of any imprisonment, probation, or supervised release." (Emphasis added) Rudolph argues that the 1997 change in language reflects a policy change that costs to the government should be only one factor considered by the court in imposing a fine, and that the district court failed to recognize this change in his sentencing. He claims that the district court "overemphasized" the costs to the government and minimized the other factors to be considered.
 
 
 3
 In addition to the expected costs to the government, a district court may consider the following factors: (1) the need for the combined sentence to reflect the seriousness of the offense, to provide respect for the law, and to afford adequate deterrence; (2) the defendant's ability to pay the fine; (3) the burden that the fine places on the defendant and his dependants; (4) any restitution or reparation that the defendant is obligated to make; (5) any collateral consequences of conviction; and (6) any previous fines the defendant had to pay for a similar offense. United States v. Bauer, 129 F.3d 962, 964-65 (7th Cir.1997). The sentencing guidelines do not require the court to make express or specific findings regarding each factor. United States v. Petty, 132 F.3d 373, 382 (7th Cir.1997); Bauer, 129 F.3d at 966. The district court need only consider the relevant factors and set forth a reasoned and reviewable basis for its decision to impose a fine. Bauer, 129 F.3d at 968. Because Rudolph failed to object to the fine at sentencing, our review of the district court's ruling is for plain error. Id. at 964. "[O]ur role is to examine the district court's actions for indications that the district court gave proper deliberation to the factors that Congress and the Sentencing Commission have laid down." Petty, 132 F.3d at 383.
 
 
 4
 There is nothing in the record to support Rudolph's conclusory statement that the trial court minimized factors other than the expected costs to the government in imposing the fine. The district court was aware of the changes to U.S.S.G. § 5E1.2, referencing the new sentencing guideline in its decision, and it made explicit findings with respect to most of the factors listed in § 5E1.2. The court stated that the combined sentence and fine would "provide general deterrence, reflect the seriousness of the offense and hold the defendant accountable for his actions." Determining that Rudolph's net worth at the time of sentencing was approximately $227,500 less taxes, the district court found that Rudolph had the ability to pay the $125,000 fine and that the fine would not substantially burden him. The district court specifically rejected Rudolph's claim that a lesser fine should be imposed, stating that the $125,000 fine was justified based upon the amount of methamphetamine involved, the duration of Rudolph's criminal conduct, and the great physical, mental, and medical damage that Rudolph's conduct caused to subsequent users and the community. Moreover, the $125,000 fine was within the prescribed guideline range of $10,000 to $2,000,000.
 
 
 5
 The district court properly considered the relevant factors and set forth a reasoned basis for its decision. The district court, therefore, did not err in imposing the $125,000 fine. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, and on Appellant's waiver of oral argument, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a), Cir. R. 34(f)