151 F.3d 1034
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Michael DANIELS, Defendant-Appellant.
 No. 97-4072.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 21, 1998.
Decided July 30, 1998.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin. No. 90-CR-42-002. J.P. Stadtmueller, Chief Judge.
 Before Hon. JOHN L. COFFEY, Hon. FRANK H. EASTERBROOK and Hon. KENNETH F. RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Michael Daniels was convicted by a jury of five counts in a thirty-six count indictment, including one count of conspiring to possess with the intent to distribute cocaine in violation of 21 U.S .C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2 (Count 1), three counts of using a communication facility to facilitate the distribution of cocaine in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2 (Counts 12, 17, 32), and one count of using and carrying a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(Count 35). Mr. Daniels was sentenced to a term of 420 months' imprisonment on Count 1; 48 months' imprisonment on each of Counts 12, 17, and 32 to run concurrently with Count 1; and 60 months' imprisonment on Count 35 to run consecutively to the other counts, for a total term of imprisonment of 480 months. This court affirmed Mr. Daniels's conviction and sentence. United States v. Goines, 988 F.2d 750 (7th Cir.1993).
 
 
 2
 In September 1996, Mr. Daniels filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 asserting, among other things, that the evidence was insufficient to convict him of using and carrying a firearm pursuant to 18 U.S.C. § 924(c). The district court granted Mr. Daniels's § 2255 in part and vacated the § 924(c) conviction based on the Supreme Court's decision in Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). The district court resentenced Mr. Daniels on the remaining counts to the same terms of imprisonment he originally received for a total amended sentence of 420 months' imprisonment. Mr. Daniels's appointed counsel filed a notice of appeal but now seeks to withdraw under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because she considers an appeal to be without merit or possibility of success. Mr. Daniels was notified of the opportunity to file a response to the Anders motion pursuant to Circuit Rule 51(a), which he has done. Because counsel's Anders brief is adequate on its face, we limit review of the record to those issues raised in counsel's brief and Mr. Daniels's response. United States v. Wagner, 103 F.3d 551, 553 (7th Cir.1996); United States v. Tabb, 125 F.3d 583, 584 (7th Cir.1997). We grant counsel's motion to withdraw and dismiss the appeal.
 
 
 3
 Counsel asserts somewhat vaguely that she has investigated whether Mr. Daniels could challenge his sentence pursuant to the amended judgment but has concluded that such an argument would be frivolous. We agree. Mr. Daniels succeeded in having his § 924(c) conviction vacated. On resentencing, the United States Probation Office recommended that Mr. Daniels receive a two-level increase in his base offense level for possession of a firearm under U.S.S.G. § 2D1.1(b)(1). Mr. Daniels objected, contending that the presence of the gun, which was in the possession of a coconspirator, was not a natural and foreseeable consequence of the conspiracy and, thus, the enhancement should not have been imposed.
 
 
 4
 On resentencing, the district court rejected Mr. Daniels's objection and concluded that the § 2D1.1 enhancement was appropriate. The district court noted that although it could restructure Mr. Daniels's sentence to increase the original terms of imprisonment imposed on the remaining counts, it would not do so and thus, resentenced Mr. Daniels to 420 months on Count 1, and 48 months each on Counts 12, 17, and 32, all to run concurrently. Mr. Daniels's total term of imprisonment on resentencing was 420 months versus the 480 months he initially received.
 
 
 5
 A district court may restructure a defendant's sentence upon remand for resentencing. See United States v. Smith, 103 F.3d 531, 533-35 (7th Cir.), cert denied, 520 U.S. 1248, 117 S.Ct. 1861, 137 L.Ed.2d 1061 (1997). We review the district court's application of the § 2D1.1 enhancement to the facts for clear error. See United States v. Vargas, 116 F.3d 195, 197 (7th Cir.), cert. denied, --- U.S. ----, 118 S.Ct. 584, 139 L.Ed.2d 421 (1997). Application Note 3 to § 2D1.1 states that the enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense ." A coconspirator, Timothy Taylor, was arrested in Mr. Daniels's drug house carrying a gun. Goines, 988 F.2d at 770. According to this court, "[t]he gun seized from Taylor during the Palmer Street House raid, for example, was carried in relation to and as a natural, foreseeable consequence of the conspiracy." Id. at 774. The § 2D1.1 enhancement was not clearly erroneous and we conclude that any challenge to the § 2D1.1 enhancement would be frivolous.
 
 
 6
 In his Circuit Rule 51(a) response, Mr. Daniels challenges the amount of drugs for which he was held accountable during resentencing. He appears to contend that because he was incarcerated during a portion of the conspiracy, he should not be held responsible for his coconspirators' conduct during the incarceration based on Amendment 503 of the Sentencing Guidelines. Amendment 503 clarified U.S.S.G. § 1B1.3, stating that "[a] defendant's relevant conduct does not include the conduct of members of a conspiracy prior to the defendant joining the conspiracy, even if the defendant knows of that conduct." See U.S.S.G. Manual, App. C., Amendment 503.
 
 
 7
 Because this issue was not raised at his resentencing hearing, this court reviews it only for plain error. United States v. Bauer, 129 F.3d 962, 964 (7th Cir.1997). Relevant conduct includes "all reasonably foreseeable acts and omissions of others in furtherance of the conspiracy." See U.S.S.G. § 1B1.3(a)(1). Conduct of coconspirators can be considered reasonably foreseeable to a defendant as long as that defendant has demonstrated a "substantial degree of commitment to the conspiracy's objectives, either through his words or his conduct." United States v. Magana, 118 F.3d 1173, 1205 (7th Cir.1997)(internal citation omitted), cert. denied, --- U.S. ----, 118 S.Ct. 1104, 140 L.Ed.2d 158 (1998).
 
 
 8
 The district court found Mr. Daniels to have been involved from the beginning of the conspiracy; thus, he was properly held accountable for any of his coconspirators' conduct even during the times that he was in prison. During Mr. Daniels's original sentencing hearing, the district court adopted the factual findings of the Presentence Investigation Report (PSR). The original PSR stated that Mr. Daniels became a member of the Brothers of Struggle (BOS) gang in the early 1980's while in state prison and that he entered a partnership with his brother to distribute cocaine through the gang. PSR, at p 81. The PSR also indicates that Mr. Daniels was a leader of the BOS gang. Id. Further, the government's response to Mr. Daniels's objections, which the district court "incorporate[d] ... as part of the court's findings of fact insofar as relevant conduct is concerned",[1] stated that "[t]he evidence at trial established that Daniels was involved during the formative stages of the conspiracy." It further stated that "all cocaine trafficked from the inception of the conspiracy is properly attributable to Daniels" and detailed each of the transactions for which Mr. Daniels was responsible. The district court concluded that the evidence established that Mr. Daniels was responsible for at least 15 kilograms of cocaine, and Mr. Daniels has not challenged these findings. In addition, in the denial of the same claim in Mr. Daniels's § 2255 motion, the district court stated that it found at sentencing "that [Mr. Daniels] was involved in the inception of the conspiracy and that all drugs involved in it were properly attributed to him." See March 6, 1997, Decision and Order at 17. Accordingly, even if Mr. Daniels had challenged the amount of drugs for which he was held accountable based on Amendment 503, we conclude that such an argument would have been frivolous.
 
 
 9
 MOTION TO WITHDRAW GRANTED AND APPEAL DISMISSED.
 
 
 
 [1]
 April 18, 1991, Sentencing Transcript at 24