**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 17, 2006[1]
Decided April 6, 2006

Before

Hon. JOEL M. FLAUM, *Chief Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-2421

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          *v.*

MARTIN DE LA TORRE,
          *Defendant-Appellant.*

Appeal from the United States District
Court for the Northern District
of Illinois, Eastern Division.

No. 98-CR-898

David H. Coar,
*Judge.*

**ORDER**

Before us is defendant-appellant Martin De la Torre's third appeal of his criminal sentence. On the past two occasions, we vacated De la Torre's sentence and remanded to the district court for resentencing. In this appeal, De la Torre argues that the district court erred when it imposed a $1,000 fine at resentencing.

---

[1] This successive appeal has been submitted to the panel that decided the original appeal. *See* Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Because the district court did not plainly err when it imposed the fine, we affirm.

## I.  Background

We assume the reader has some familiarity with the facts of De la Torre's conviction as set forth in *United States v. De la Torre*, 327 F.3d 605 (7th Cir. 2003). For our purposes here, we recount only the procedural history leading up to the present appeal.  De la Torre pled guilty to conspiring to possess and distribute marijuana in violation of 21 U.S.C. § 846; distributing marijuana in violation of 21 U.S.C. § 841(a)(1); and conspiring to conduct financial transactions with the proceeds of drug trafficking in violation of 18 U.S.C. § 1956(h).  On February 2, 2001, the district court sentenced De la Torre to 151 months in prison.  Ruling on De la Torre's motion to reconsider, the district court reduced the sentence to 71 months' imprisonment, but the court added a $1,000 fine, which it had specifically waived during the first sentencing hearing.

After considering the parties' cross appeals of the sentence, we reversed and remanded directing that the 151 month prison term be reinstated.  *De la Torre*, 327 F.3d at 611 (determining that *Apprendi v. New Jersey,* 530 U.S. 466 (2000) "does not affect the Guideline calculations that determine the total punishment or total sentence of imprisonment.").  On remand, the district court sentenced De la Torre to 151 months' imprisonment, but the district court "remitted" the $1,000 fine.  De la Torre again appealed his sentence and, in an unpublished opinion, we reversed and remanded based on *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004).  In its fourth opportunity to sentence De la Torre, the district court sentenced him to 151 months' imprisonment and imposed a $1,000 fine.  De la Torre now appeals the imposition of the $1,000 fine.

## II. Analysis

Because De la Torre did not object to the fine at sentencing, we review its imposition by the district court for plain error.  *United States v. Bauer*, 129 F.3d 962, 964 (7th Cir. 1997).  Under this standard, De la Torre must show that the imposition of the fine affected his substantial rights.  *United States v. Jaimes-Jamies*, 406 F.3d 845, 849 (7th Cir. 2005).  To make this showing, the error must be "palpably wrong" and likely to have resulted in a different sentence.  *Bauer*, 129 F.3d at 964 (citing *United States v. Flores-Sandoval*, 934 F.3d 346, 351 (7th Cir. 1996)).

Although De la Torre has been sentenced four times in as many years, our plain error review focuses on the most recent sentence mandated by the district court, which ordered a $1,000 fine.  *See United States v. White*, 406 F.3d 827, 832 (7th Cir. 2005) (when a sentence, or even part of it, is vacated and remanded to the district court, the district court has the authority to restructure the sentence); *United States v. Atkinson*, 979 F.2d 1219, 1223 (7th Cir. 1991) ("the effect of a vacation is to nullify the previously-imposed sentence" and "the district court will be

writing on a clean slate" when imposing the new sentence).

De la Torre contends that the district court erred by (1) failing to consider the statutory factors set forth in 18 U.S.C. § 3572(a);[2] (2) failing to adopt the facts in the Presentence Investigation Report (PSR); and (3) creating an inconsistent record in not imposing the fine at the first sentencing. The government responds that the district court properly sentenced De la Torre following the necessary statutory requirements and making the requisite factual findings. Both parties rely on our decision in *Bauer* to support their respective positions. As we recognized in *Bauer*, the United States Sentencing Guideline § 5E1.2 and 18 U.S.C. § 3572(a) provide factors that a district court should consider before imposing a fine. *Bauer*, 129 F.3d at 964-65. However, we have acknowledged that "express or specific findings regarding each of the relevant factors to be considered before imposing a fine are not required." *Id*. at 966. The imposition of a fine will be reversed for insufficient factual findings if the record is "unclear" as to whether the sentencing judge reflected upon the relevant factors. *Id*. at 968. Such a sentencing ambiguity occurs "when the district court adopts the factual findings contained in the presentence report but deviates from the fine recommendation, if any, made by the United States Probation Office, or alternatively, if the district court declines to adopt the findings in the presentence report and makes no findings of its own." *Id*.

De la Torre's substantial rights were not impacted when the district court imposed the fine at his most recent sentencing hearing. U.S.S.G. § 5E1.2(a) provides that "[t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." De la Torre does not argue that he cannot pay a fine, but rather that the record contains inconsistences regarding the district court's intent to impose the

---

[2] The factors to be considered include: (1) the defendant's income, earning capacity, and financial resources; (2) the burden that the fine will impose upon the defendant, any person who is financially dependant on the defendant, or any other person (including a government) that would be responsible for the welfare of any person financially dependent on the defendant, relative to the burden that alternative punishments would impose; (3) any pecuniary loss inflicted upon others as a result of the offense; (4) whether restitution is ordered or made and the amount of such restitution; (5) the need to deprive the defendant of illegally obtained gains for the offense; (6) the expected costs to the government of any imprisonment, supervised release, or probation component of the sentence; (7) whether the defendant can pass on to consumers or other person the expense of the fine; and (8) if the defendant is an organization, the size of the organization and any measure taken by the organization to discipline any officer, director, employee, or agent of the organization responsible for the offense and to prevent a recurrence of such an offense. 18 U.S.C. § 3572(a)

fine. We do not find the record of the last sentencing hearing inconsistent. The PSR acknowledged that De la Torre lacked income or assets but reasoned that, because he faced a considerable stint of incarceration, he would be eligible to enroll in the Inmate Financial Responsibility Program (IFRP).[3] Although it would not allow him to pay a lump sum, the IFRP would allow De la Torre to pay the fine in installments. The sentencing judge adopted the factual findings of the PSR, specifically finding that based on his participation in the IFRP, De la Torre would be able to pay a fine. The district court's factual findings and De la Torre's sentence are consistent with the information contained in the PSR. Therefore, the district court did not plainly err when it imposed the $1,000 fine.

## III. Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[3] The IFRP assists inmates in fulfilling their financial obligations. 28 C.F.R. § 545.10. After the creation of a financial plan, money is deducted from the prisoner's earnings in order to satisfy the financial obligation. *United States v. Isienyi*, 207 F.3d 390, 393 (7th Cir. 2000).