**Rodrigo VASQUEZ, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

Nos. 93 Civ. 2726 (JES), 89 CR. 0440 (JES).

United States District Court, S.D. New York.

Feb. 17, 1995.

Rodrigo Vasquez, pro se.

Mary Jo White, U.S. Atty., S.D.N.Y., New York City, for respondent; John M. Desmarais, Asst. U.S. Atty., of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Pursuant to 28 U.S.C. § 2255, petitioner Rodrigo Vasquez brings the instant *pro se* petition to vacate a fine imposed under the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines"). For the reasons that follow, the petition is denied.

## BACKGROUND

On October 5, 1989, Rodrigo Vasquez was convicted of possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and conspiring to possess cocaine with intent to distribute in violation of 21 U.S.C. § 846. On December 27, 1989, the Court sentenced Vasquez to a term of imprisonment of 72 months, a term of supervised release of four

years, a $10,000 fine and $100 in mandatory special assessments. On January 13, 1992, the Second Circuit affirmed the conviction by summary order. *See United States v. Vasquez,* Nos. 90–1043, 91–1136, 956 F.2d 1159 (2d Cir. Jan. 13, 1992).[1]

On May 4, 1993, Vasquez filed the instant petition to vacate the fine imposed by the Court.[2] In his petition, Vasquez argues that the Court failed to properly consider the factors set forth in § 5E1.2 of the Guidelines. In addition, Vasquez argues that the Court failed to explain its reasons for imposing the fine. For the following reasons, the petition must be denied.[3]

## DISCUSSION

As a general rule, the failure to raise a non-constitutional or non-jurisdictional claim on direct appeal precludes its assertion in a collateral proceeding unless the alleged error resulted in a complete miscarriage of justice. *See Brennan v. United States,* 867 F.2d 111, 117 (2d Cir.), *cert. denied,* 490 U.S. 1022, 109 S.Ct. 1750, 104 L.Ed.2d 187 (1989). Moreover, if not raised on direct appeal, even a constitutional or jurisdictional claim is precluded in a collateral proceeding unless the petitioner demonstrates cause and prejudice. *See Billy–Eko v. United States,* 8 F.3d 111, 113–14 (2d Cir.1993).

The claims set forth in the instant petition are neither constitutional nor jurisdictional. *See United States v. Segler,* 37 F.3d 1131, 1134 (5th Cir.1994) (technical application of Guidelines does not raise constitutional or jurisdictional issue); *Park v. United States,* 1993 WL 50938, at *1 (S.D.N.Y.1993) (same). Moreover, Vasquez has not even addressed his failure to raise them on direct appeal. Accordingly, the

---

1. On direct appeal, Vasquez argued that the government failed to produce certain impeachment material, the Court improperly charged the jury on reasonable doubt and that there was insufficient evidence to support his conviction. *See United States v. Vasquez,* Nos. 90–1043, 91–1136, 956 F.2d 1159 (2d Cir. Jan. 13, 1992).

2. This petition must be construed liberally and deferentially. *See Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam).

3. As required, the Court refers to the Guidelines and policy statements in effect at the time of sentencing. *United States v. Lara,* 905 F.2d 599, 602 (2d Cir.1990).

**180**

claims are procedurally barred and must be dismissed.

■ In any event, these claims are meritless. The Guidelines provide that a sentencing court must impose a fine in all cases, except where the defendant establishes a financial inability to pay. U.S.S.G. § 5E1.2(a); *see also United States v. Stevens*, 985 F.2d 1175, 1188 (2d Cir.1993). In determining the amount of a fine, a court must consider, *inter alia*, the possibility of restitution or reparation, the potential burden upon the defendant and his dependents, and "any evidence presented as to the defendant's ability to pay the fine (including the ability to pay over a period of time) in light of his earning capacity and financial resources." U.S.S.G. § 5E1.2(d).

The Guidelines also provide that, under limited circumstances, a sentencing court may reduce the amount of a fine or waive the fine altogether. U.S.S.G. § 5E1.2(f). To that end, the Guidelines provide for a reduction or waiver where

> the defendant establishes that (1) he is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine ..., or (2) imposition of a fine would unduly burden the defendant's dependents.

*Id.* A defendant may demonstrate a financial inability to pay by an independent showing or by reference to the pre-sentence report. *See United States v. Rivera*, 971 F.2d 876, 895 (2d Cir.1992).

In this case, the pre-sentence report ("PSR") indicates that Vasquez had a net worth of approximately $95,612.13 at the time of sentencing, including substantial equity in a real estate holding. PSR at 10–12. Moreover, although Vasquez would earn minimal compensation while incarcerated, his real estate holding would generate $2,200 worth of income on a monthly basis. *Id.* at 12. Based upon the PSR, *inter alia*, the Court reasonably decided to impose a fine and to stay payment until completion of the imprisonment term. Transcript of Sentencing at 11–18. For his part, Vasquez has failed to set forth any facts demonstrating a financial inability to pay. Accordingly, the petition to vacate the fine based upon that alleged inability is denied.

■ Relying upon caselaw from the Fourth Circuit, Vasquez also argues that the Court failed to articulate its basis for imposing the fine. In the Fourth Circuit, a sentencing court must make specific factual findings in order to permit effective appellate review. *See United States v. Chorman*, 910 F.2d 102, 114 (4th Cir.1990); *United States v. Harvey*, 885 F.2d 181, 182–83 (4th Cir.1989). In the Second Circuit, however, it is well-established that a sentencing court is not required to articulate its consideration of the factors set forth in § 5E1.2. *See United States v. Sellers*, 42 F.3d 116, 120 (2d Cir. 1994); *United States v. Puello*, 21 F.3d 7, 11 (2d Cir.1994) (citing *United States v. Marquez*, 941 F.2d 60, 64 (2d Cir.1991)).

## CONCLUSION

For the reasons set forth above, the Clerk of the Court is directed to dismiss the petition and close the above-captioned action.

It is **SO ORDERED.**