08-3386-cr (L)
United States v. Robinson; United States v. Fleming

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of July, two thousand eleven.

PRESENT:   ROGER J. MINER,
              REENA RAGGI,
              GERARD E. LYNCH,
                  *Circuit Judges*.

--------------------------------------------------------------------------------
UNITED STATES OF AMERICA,
                  *Appellee*,

                  v.                                    Nos. 08-3386-cr (L)
                                                             08-3545-cr (Con)

TARON ROBINSON, a.k.a. TURTLE, AHMAD FLEMING,
a.k.a. SILKY,

                  *Defendants-Appellants*,

ERNEST CONLEY, a.k.a. LOC, a.k.a. E-LOC, a.k.a. EZ-LOC,
HECTOR DEJESUS, a.k.a. HEC, MARK LEWIS, SHATIA
WRIGHT, TRACY BATTLE, a.k.a. GRADY, KEYMON
DOBBS, ALAN SKORUPSKI, KAMAR HARRISON,
a.k.a. DOLO, JOHN WELCOME, a.k.a. DUBBS, LAVAR
HOUTMAN, a.k.a. GOD OF ALL GODS, a.k.a. VILLAIN,
a.k.a. GOD, KHALIL BARNES, a.k.a. CRAZY K, RAHMEL
CARTER, a.k.a. DOODER, AMIN COWAN, a.k.a. AH,
ANTHONY FENNER, a.k.a. ANT, RAYQUINSHAWN
HARRISON, a.k.a. PILLA, TAKEEM HEATH, a.k.a. TY-NASTY,
LAMEL INMAN, a.k.a. GHOST, a.k.a. MEL, KALI JOHNSON,

a.k.a. HERSH, DEAUNTTA MALLOY, a.k.a. CHEF D,
SANTONIEO MILLER, JR., a.k.a. KUSHAWN, a.k.a. DADDY,
RAMAAR MILNER, a.k.a. BIZZA, LAJUAN MORALES, a.k.a.
LAY HOODY, a.k.a. COOL, KEMIEK PAYNE, a.k.a. KP, SHABAR
PERKINS, a.k.a. BARSKY, ELQUAN STURDIVANT, a.k.a.
L EASY, SHAMEEK K. THOMAS, a.k.a. TARZAN, a.k.a. SHA,
JOSHUA VANHOESEN, a.k.a. SCARLO, SHAHEEM WHITE,
a.k.a. DOUBLE S, JOHN VANHOUSEN, a.k.a. JOHNNY CAT,
*Defendants*.[*]

-------------------------------------------------------------------------------------

FOR APPELLANTS:    Lee Greenstein, Law Office of Lee Greenstein, Albany, New York, *for Defendant-Appellant Taron Robinson*.

Randolph Z. Volkell, Esq., Merrick, New York, *for Defendant-Appellant Ahmad Fleming*.

FOR APPELLEE:    Paul D. Silver, Carlos A. Moreno, Daniel Hanlon, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, New York.

Appeals from the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the amended judgment of conviction entered as to defendant Taron Robinson on August 5, 2008, is AFFIRMED; and that the amended judgment entered as to defendant Ahmad Fleming on August 3, 2010, is VACATED IN PART and REMANDED for further proceedings consistent with this order.

Defendants Robinson and Fleming stand convicted on pleas of guilty to a common count of conspiring to participate in a Racketeering Influenced and Corrupt Organization

---

[*] The Clerk of the Court is directed to amend the caption to read as shown above.

2

("RICO") enterprise. See 18 U.S.C. § 1962(d). On appeal, Robinson challenges the procedural and substantive reasonableness of his 137-month prison sentence. Fleming, sentenced principally to 113 months' incarceration, challenges a special condition of supervised release prohibiting him from displaying any gang's colors or insignia as unconstitutional. In reviewing these consolidated appeals, we assume familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

1.    Robinson

Reasonableness review is akin to that for abuse of discretion. See United States v. Cavera, 550 F.3d 180, 187 (2d Cir. 2008) (en banc); United States v. Canova, 485 F.3d 674, 679 (2d Cir. 2007) (considering "the length of the sentence (substantive reasonableness) and the procedures used to arrive at the sentence (procedural reasonableness)"). In the procedural context, we review a district court's Guideline application de novo and its factual determinations for clear error. See United States v. Conca, 635 F.3d 55, 62 (2d Cir. 2011).

a.    Criminal History Calculation

Robinson asserts procedural error in his criminal history calculation based on inclusion of a 2001 juvenile sentence for grand larceny in the fourth degree. See United States v. Cavera, 550 F.3d at 190 (stating that miscalculation of Guidelines range may constitute procedural error rendering sentence unreasonable). He is mistaken. The district court correctly added one point for Robinson's "juvenile sentence" of one-year's probation because that sentence was "imposed within five years" of the instant offense. U.S.S.G.

3

§ 4A1.2(d)(2)(B). New York's civil classification of Robinson as a juvenile delinquent not "criminally responsible for" his conduct does not alter the result. See N.Y. Penal Law § 30.00(1)-(2); United States v. Conca, 635 F.3d at 63-64. By its terms, § 4A1.2(d)(2)(B) applies "to all offenses committed prior to age eighteen" to avoid jurisdictional sentencing disparities. U.S.S.G. § 4A1.2(d)(2)(B) cmt. n.7 (emphasis added); see also United States v. Driskell, 277 F.3d 150, 154 (2d Cir. 2002) (stating that criminal history depends on "substance" of past conviction not "statutory term affixed to it by a state court"). Robinson's ability to seek sealing of his juvenile records is similarly immaterial, see N.Y. Fam. Ct. Act § 375.2, because only "expunged convictions" are excluded from criminal history, see U.S.S.G. § 4A1.2(j), and Robinson never sought sealing or expungement.[1]

Nor can Robinson bolster his challenge by arguing that the underlying conduct was likely part of the charged RICO conspiracy. Because Robinson failed to raise this issue below, we review only for plain error, see United States v. Dorvee, 616 F.3d 174, 179 (2d Cir. 2010); United States v. Irving, 554 F.3d 64, 78 (2d Cir. 2009), and identify none here. Robinson's speculative assertion is belied by the indictment, which does not discuss the grand larceny conduct. In any event, we identify no plain error because the RICO Guideline provides that Robinson's 2001 juvenile sentence "result[ing] from a conviction prior to the last over act" of the charged conspiracy is treated as a "prior sentence under § 4A1.2(a)(1)

---

[1] Robinson's suggestion that his grand larceny offense might constitute a "juvenile status" offense is without merit. See U.S.S.G. § 4A1.2(c)(2). This term refers to acts that are criminal only because of the defendant's juvenile status, such as purchasing alcohol.

and not as part of the instant offense." U.S.S.G. § 2E1.1 cmt. n.4 (noting "distinction between" RICO offense and "criminal history").

Robinson further submits, for the first time on appeal, that the seriousness of his criminal history was substantially over-represented so as to warrant a horizontal downward departure. See id. § 4A1.3(b). To the extent the district court did not sua sponte grant a departure on this ground, we will not identify error where, as here, nothing in the record indicates that the district court misunderstood the law or its departure authority. See United States v. Belk, 346 F.3d 305, 314-15 (2d Cir. 2003); United States v. Aponte, 235 F.3d 802, 803 (2d Cir. 2000). Accordingly, we reject Robinson's challenges to his criminal history calculation as without merit.

b.    5K2.0 Upward Departure

Robinson submits that the district court procedurally erred in departing upward one level for his post-plea assault and intimidation of a fellow inmate by analogy to § 3C1.3. See U.S.S.G. § 5K2.0(a) & cmt. n.2 (providing departure authority for circumstances "of a kind, or to a degree not adequately taken into consideration by" Guidelines); id. § 3C1.3 & cmt. n.1 (increasing offense level if defendant convicted of offense committed while released pending federal proceedings). We are not persuaded. In discussing Robinson's pre-sentencing misconduct, the district court referenced § 3C1.3 merely as an example of a similar factor warranting enhancement under the Guidelines. This analogy did not require the district court to find that Robinson met § 3C1.3's elements. Cf. United States v. Puello, 21 F.3d 7, 10 (2d Cir. 1994) (stating that district court need not find that defendant's conduct

5

"ran afoul" of Guideline's "elements" before analogizing to it in determining extent of upward departure).

Robinson's assertion that he may not have been "the aggressor" in the incident at issue merits little discussion. The district judge viewed a videotape of the incident and explained in open court that Robinson initiated the altercation and that, based on the tape there was "no question" that Robinson had "engaged in felonious criminal conduct" that was "assaultive and violent in nature." Sentencing Tr. at 21-22. See United States v. Vaughn, 430 F.3d 518, 527 (2d Cir. 2005) ("[D]istrict courts may find facts relevant to sentencing by a preponderance of the evidence . . . ."). Moreover, the Pre-Sentence Report, the factual accuracy of which Robinson did not dispute below, similarly stated that Robinson initiated the assault. Nor did the district court abuse its discretion in imposing a 5K2.0 departure based on Robinson's violent conduct, which was aided by a fellow gang member and intended to intimidate an inmate witness who reported a prior assault by Robinson. See United States v. Kim, 896 F.2d 678, 684 (2d Cir. 1990) (concluding that 5K2.0 departure permissible for misconduct "relat[ing] in some way to" offense of conviction).

Accordingly, we conclude that the 5K2.0 departure was procedurally reasonable.

c.    Substantive Reasonableness

Robinson urges that his 137-month sentence was substantively unreasonable because it fails adequately to account for his youth and troubled upbringing. Robinson also submits that the district court abused its discretion in selecting the high end of the Guidelines range based on Robinson's gun possession. We will "set aside a district court's substantive

6

determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d at 189 (internal quotation marks and emphasis omitted). That is not this case.

In imposing sentence, the experienced district judge expressly considered the factors cited by Robinson. He selected a sentence at the high end of the Guidelines range because the offense level – based primarily on the quantity of distributed narcotics – did not account fully for Robinson's violent conduct despite the two-level enhancement for firearm possession. The "level of violence" inferred by the district court, Robinson Br. at 30, was supported sufficiently by record evidence, including Robinson's admitted participation in a violent street gang and firearm possession on two occasions, one involving shots being fired into a crowd. Moreover, the district court's passing reference to a recent shooting emphasized the dangers of gangs without blaming Robinson for that incident. On this record, the district court acted well within its "considerable sentencing discretion" in imposing the challenged term of incarceration. United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008).

Finally, Robinson asserts unreasonableness based on Guidelines amendments effective after his sentencing, namely, elimination of the "recency" criminal history provision, see U.S.S.G. § 4A1.1(e) (2007) (assessing two points if offense occurred within two years of defendant's release from prison); id. app. C. Amendment 742, and a reduction of the offense level for crimes involving 35 grams of crack cocaine pursuant to a temporary amendment promulgated under the Fair Sentencing Act ("FSA"), see Supplement to the 2010 Guidelines Manual § 2D1.1(c)(7). We are not persuaded. The district court properly applied the

7

Guidelines in effect at the time of sentence. See U.S.S.G. § 1B1.11(a); United States v. Roberts, 442 F.3d 128, 129-30 (2d Cir. 2006). The subsequent amendments do not render Robinson's sentence substantively unreasonable.

We have previously held that the FSA does not apply retroactively to defendants with unexhausted appeals at the time of its passage. See United States v. Acoff, 634 F.3d 200, 202 (2d Cir. 2011). Despite Robinson's arguments to the contrary, we are bound by that prior panel's ruling. See United States v. Thomas, 628 F.3d 64, 69 (2d Cir. 2010). We do not foreclose, however, Robinson's ability to make further applications to the district court if the Sentencing Commission's decision to apply the crack cocaine Guideline amendment retroactively becomes effective on November 1, 2011. See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(c); Press Release, U.S. Sentencing Commission, U.S. Sentencing Commission Votes Unanimously to Apply Fair Sentencing Act of 2010 Amendment to the Federal Sentencing Guidelines Retroactively (June 30, 2011).

2.     Fleming

Fleming challenges as unconstitutionally vague a supervised release condition prohibiting him from wearing colors or insignia, or obtaining tattoos or burn marks, "of the Jungle Junkies street gang or any other criminal street gang." Aug. 5, 2010 Am. J. at 4. Because Fleming did not contest the condition below, we would ordinarily review for plain error. See United States v. Green, 618 F.3d 120, 122 (2d Cir. 2010). We have applied a "less rigorous plain error" standard in the sentencing context when, as here, the defendant

8

lacked "sufficient notice of the challenged condition[]." Id.; see also United States v. Sofsky, 287 F.3d 122, 125 (2d Cir. 2002).

Applying either standard here, we conclude that Fleming's judgment of conviction must be vacated in part. Although the portion of the condition relating to the Jungle Junkies gang is "sufficiently clear to provide" Fleming with notice of the prohibited conduct, United States v. Green, 618 F.3d at 124, that part relating to "any other" gang is unconstitutionally vague because it "contains no limiting list of the colors or insignia . . . typically associated with any particular gangs to guide [Fleming] in his clothing choices," id. We expect that the district judge will easily remedy this defect on remand.[2]

3.      Conclusion

We have considered Robinson's remaining arguments and conclude that they are without merit. Accordingly, the judgment of conviction as to Robinson is AFFIRMED. For the reasons explained, we VACATE IN PART the judgment of conviction as to Fleming and REMAND the matter to the district court for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[2] While the same defect appears to infect Robinson's conditions of release, he has raised no challenge to his release conditions nor joined in Fleming's. We do not notice the error nostra sponte because Robinson can seek modification from the district court. See 18 U.S.C. § 3583(e)(2).

9