Cao v. Barr

BIA
Lamb, IJ
A200 749 685

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand nineteen.

PRESENT:
> JOHN M. WALKER, JR.,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

SU HUA CAO,
> *Petitioner,*

v.                                                  17-1774
                                                    NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, Esq., Yerman &
                       Jia, LLC, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; Andrew N.
                       O'Malley, Senior Litigation
                       Counsel; Victoria M. Braga, Trial
                       Attorney, Office of Immigration
                       Litigation, United States
                       Department of Justice, Washington,
                       DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Sua Hua Cao, a native and citizen of the People's Republic of China, seeks review of an October 21, 2016 decision of the BIA affirming a March 30, 2016 decision of an Immigration Judge ("IJ") denying Cao's application for asylum as untimely. *In re Su Hua Cao,* No. A 200 749 685 (B.I.A. Oct. 21, 2016), *aff'g* No. A 200 749 685 (Immig. Ct. N.Y. City Mar. 30, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

An asylum applicant must "demonstrate[] by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States," absent exceptions not relevant here. 8 U.S.C. § 1158(a)(2)(B), (D) (providing exceptions for changed or extraordinary circumstances). Our jurisdiction to review an IJ's determination regarding the timeliness of

2

an asylum application is limited to constitutional claims and questions of law.  8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D).  When assessing jurisdiction, we "study the arguments asserted . . . to determine, regardless of the rhetoric employed in the petition, whether it merely quarrels over the correctness of the factual findings or justification for the discretionary choices, in which case the court would lack jurisdiction, or whether it instead raises a 'constitutional claim' or 'question of law,' in which case the court could exercise jurisdiction to review those particular issues." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).  For jurisdiction to attach, however, such a claim  must be colorable.  *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40–41 (2d Cir. 2008).  We review constitutional claims *de novo*. *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009).

Cao argues that the agency violated due process by relying on an incompetent interpreter to conclude that her application was untimely.  "Aliens, of course, are entitled to due process" and may be removed "only after proceedings conforming to traditional standards of fairness."  *Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 286 (2d Cir. 2009) (internal

3

quotation marks and citation omitted). "[T]he failure of an IJ to give *any* consideration to . . . an undeniably probative piece of evidence amounts to a denial of the traditional standards of fairness that due process demands." *Id*. Moreover, "[t]he right of a person facing deportation to participate meaningfully in the deportation proceedings by having them competently translated into a language he or she can understand is fundamental." *Hartooni v. INS,* 21 F.3d 336, 340 (9th Cir. 1994). However, a petitioner's "talismanic invocation of the language of 'due process' itself [does not] suffice[] to provide this Court with jurisdiction." *Saloum v. U.S. Citizenship & Immig. Servs.*, 437 F.3d 238, 243 (2d Cir. 2006).

Cao's due process challenge, premised on an incompetent translator, is not colorable and therefore is insufficient to permit our review of her petition. *See id.; see also Jin Jin Long v. Holder*, 620 F.3d 162, 165 n.3 (2d Cir. 2010) (finding no jurisdiction where argument challenges factual finding). The parties do not dispute that Cao filed her asylum application on July 15, 2010. Cao represented that she entered the United States in February 2010. In assessing timeliness, the agency noted that Cao did not sufficiently

4

corroborate her testimony as to her date of entry—which conflicted with her testimony that she first met her husband in the United States 11 months before their April 2010 marriage. Cao asserts that she did not testify that she met her husband 11 months prior to their marriage—but rather only one month earlier—and that her testimony was consistent with a February 2010 date of entry. Moreover, Cao contends that any inconsistency in her testimony was attributable to interpreter error, which the IJ erroneously relied on despite her attorney's objections during her hearing.

The hearing transcript reflects that there was confusion regarding when Cao first met her husband. When asked on cross examination how long she had known her husband before they married, Cao responded 11 months. The Government's attorney then asked Cao to explain how she could have first met her husband in the United States 11 months before their marriage in April 2010 if her date of entry was in February 2010. Cao then stated that she met him in March 2010 and denied saying 11 months, which prompted a colloquy between the IJ and the interpreter. The interpreter explained that Cao's testimony sounded like 11 months and denied making a mistake. After listening to a recording of Cao's testimony,

5

the interpreter again confirmed that Cao said 11 months.  The interpreter clarified that Cao first said 11 months but said one month in subsequent testimony.  Cao offers no independent evidence that her testimony was erroneously interpreted.  At bottom, Cao's due process challenge amounts to a factual dispute concerning an inconsistency in her testimony that we lack jurisdiction to consider.  *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D); *see also Jin Jin Long*, 620 F.3d at 165 n.3

For the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court