21-2096-cv
*Dubois v. Beaury, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of May, two thousand twenty-two.

PRESENT:
> BARRINGTON D. PARKER,
> JOSEPH F. BIANCO,
> EUNICE C. LEE,
> > *Circuit Judges*.

---

Brian Dubois,

> *Plaintiff-Appellant,*

> v.                                                   21-2096-cv

Robert Beaury, individually, Ronald Moore, II, individually, Paul Czajka, individually, Town of Germantown,

> *Defendants-Appellees.*\*

---

FOR PLAINTIFF-APPELLANT:     PETER SCHUYLER, Kitson & Schuyler P.C., Croton on Hudson, NY.

---

\* The Clerk of Court is respectfully directed to amend the caption as set forth above.

FOR DEFENDANTS-APPELLEES ROBERT BEAURY, RONALD MOORE, II, AND THE TOWN OF GERMANTOWN:

LORAINE C. JELINEK (Gregg T. Johnson, *on the brief*), Johnson & Laws, LLC, Clifton Park, NY.

FOR DEFENDANT-APPELLEE: PAUL CZAJKA:

THOMAS K. MURPHY, Murphy Burns, LLP, Loudonville, NY.

Appeal from an order and judgment of the United States District Court for the Northern District of New York (Scullin, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the district court are **AFFIRMED**.

Plaintiff-appellant Brian Dubois appeals from the July 29, 2021 order and judgment of the United States District Court for the Northern District of New York (Scullin, *J.*), dismissing his claims pursuant to Federal Rule of Civil Procedure 12(b)(6). As relevant to this appeal, Dubois brought claims under 42 U.S.C. § 1983 against defendants-appellees Robert Beaury ("Town Supervisor Beaury" or "Beaury"), Ronald Moore, II ("Town Council Member Moore"), the Town of Germantown (the "Town" and, together with Beaury and Moore, "the Town Defendants"), and Columbia County District Attorney Paul Czajka ("DA Czajka"), alleging First Amendment retaliation and violation of Dubois's Second Amendment rights in connection with his position as a part-time Town police officer.

According to the complaint, in May 2018, Town Supervisor Beaury and the Town Board hired a consultant to conduct a comprehensive "Management and Feasibility Study" of the Town Police Department. Dubois alleges that the study was commissioned "to create a one-sided assessment report which [the Town] intended to use as a justification for firing [Dubois] and

2

disbanding the Germantown Police Department." App'x at 20. Dubois claims that this study was proposed by Town Supervisor Beaury as revenge for Dubois's reporting of an alleged domestic violence incident involving Beaury from years prior. As part of the study, Town Supervisor Beaury and the consultant allegedly accessed the Town Police Department office to review internal police files "without the knowledge and/or consent of either the Germantown Police Department officer-in-charge or the Germantown Police Commission." App'x at 25.

Following this alleged break-in, Dubois sent three separate emails in May and June 2018 demanding the opportunity to review the office security footage to determine who had illegally entered the premises and accessed the files, as Dubois claims was his right as a part-time police officer per the Town's security policy. Those requests were denied, at which point Dubois reiterated concerns via email that he had previously expressed regarding DA Czajka's handling of DWI offenses and Beaury's alleged domestic violence. In response, Beaury and DA Czajka allegedly coordinated with each other to retaliate against Dubois by concocting a false story that he was mentally unstable and that he had access to automatic weapons. To effectuate their alleged plan, DA Czajka filed a letter with the County Court related to Dubois's pistol license. Subsequently, County Court Justice Jonathan D. Nichols *sua sponte* suspended Dubois's pistol license in a Decision and Order dated June 1, 2018. Beaury also filed a petition with the County Court to bar Dubois from accessing Town firearms, which was rejected following Dubois's motion to dismiss. On August 7, 2018, the Town adopted Local Law No. 2, abolishing its Police Department and consequently terminating Dubois's employment with the Town. Dubois then brought the instant lawsuit, alleging that his termination and pistol license revocation were retaliatory acts in violation of his First and Second Amendment rights.

3

On appeal, Dubois challenges the district court's dismissal of his Section 1983 claims alleging First Amendment retaliation and violation of his Second Amendment rights. Dubois principally argues that the district court failed to construe the allegations of the complaint in the light most favorable to him and, therefore, erred in concluding that his claims could not survive a motion to dismiss.

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## DISCUSSION

### I.      Standard of Review

"We review *de novo* the grant of a motion to dismiss under Rule 12(b)(6) . . ., accepting as true the factual allegations in the complaint and drawing all inferences in the [nonmoving party's] favor." *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015). To survive a motion to dismiss, the pleadings "must contain 'enough facts to state a claim to relief that is plausible on [their] face.'" *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, we "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, in making this assessment under Rule 12(b)(6), we may consider "facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings[,] and matters of which judicial notice may be taken." *Samuels v. Air Transp. Loc. 504*, 992 F.2d 12, 15 (2d Cir. 1993).

4

**II.** **First Amendment Claim**

Dubois alleges that defendants violated the First Amendment when they retaliated against him for sending the emails in question. Where, as here, a public employee alleges that he was retaliated against in violation of the First Amendment, he must plausibly allege that: "(1) his speech or conduct was protected by the First Amendment; (2) the defendant took an adverse action against him; and (3) there was a causal connection between this adverse action and the protected speech." *See Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 272 (2d Cir. 2011).

To determine whether a public employee's speech is protected, we must ask "whether [he] spoke as a citizen on a matter of public concern.'" *Matthews v. City of New York*, 779 F.3d 167, 172 (2d Cir. 2015) (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006)). Therefore, the analysis of this element has two sub-questions: (1) "whether the employee spoke as a citizen rather than solely as an employee;" and (2) "whether the subject of the . . . speech was a matter of public concern." *Id.* (quoting *Jackler v. Byrne*, 658 F.3d 225, 235 (2d Cir. 2011) (internal quotation marks omitted)). As the Supreme Court articulated in *Garcetti*, "the controlling factor" in determining whether speech was made as a public employee or private citizen is whether the plaintiff's "expressions were made pursuant to his [official] duties." 547 U.S. at 421.

Here, the allegations in the complaint demonstrate that the speech at issue—namely, Dubois's emails regarding his investigation of the alleged unauthorized entry into the Police Department and the improper accessing of police files—were made "pursuant to [his] official duties."[1] *Id.* For example, in his May 30, 2018, Dubois stated to Town Supervisor Beaury:

---

[1] As a threshold matter, Dubois argues that the emails were improperly considered by the district court because "no documents were incorporated by reference" in the complaint. Appellant's Br. at 11. That assertion, however, is incorrect. The complaint explicitly references and describes all of the relevant

5

Please be advised that I had to report a breach of my office, by unauthorized personnel, to CJIS as required by our Use & Dissemination Agreement and also attached your e-mail response to mine. . . . I will also need a copy of the video, as per the policy, to conduct the investigation, as required per the camera policy. I have been directed to immediately take steps to mitigate the situation and give a full report and accounting as to the results of my investigation.

App'x at 50; *see also id.* ("Please be advised that the camera policy gives me the right to ask for the video for investigative purposes and does not give you the authority to deny it as there is no provision for that."). The email later explains that, upon receiving the requested information, Dubois intended to "write up [a] report and provide it to CJIS as required after the Investigation [i]n conjunction with the Police Commissioners." App'x at 51. The other emails Dubois sent contain similar language referencing that the requests were made pursuant to Police Department policy and that he was required to conduct the investigation as part of his job responsibilities. *See* App'x at 51 (May 23, 2018 email) ("[A]s per the Town of Germantown Security Policy, I would like to view the video to find out who[ ] unlawfully entered my office and how [the consultant's] portfolio got left on my desk. Please secure the tape and contact me as to how it will be delivered for my viewing under policy section II, Policy Guidelines and Procedures, paragraph F."); App'x at 50 (June 1, 2018 email) ("I'm doing my job investigating this as required. The very thing I'm being evaluated for is being called into question because someone doesn't like it, but, that is what

emails considered by the district court. *See, e.g.*, App'x at 25–26 (Compl. ¶ 67) (describing contents of the May 23, 2018 email); App'x at 26 (Compl. ¶ 72) (describing contents of the May 30, 2018 email); App'x at 27–28 (Compl. ¶ 79) (describing contents of the June 1, 2018 email). Moreover, the district court properly considered court documents filed in Columbia County regarding Dubois's pistol license that he explicitly referenced in the complaint and, in any event, such documents could be considered under Rule 12(b)(6) on the separate ground that they are public records. *Blue Tree Hotel Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004). To the extent that defendants submitted other extrinsic documents with their motion to dismiss as to which Dubois objects, there is no indication that the district court considered any documents outside the scope of Rule 12(b)(6), nor does this Court rely on other extrinsic evidence in conducting its *de novo* review on appeal.

I'm mandated to do.").

In sum, even construing the allegations in the complaint most favorably to Dubois, none of the speech at issue could qualify as speech Dubois made as a private citizen.[2] Instead, it is clear from the complaint that the speech at issue is not protected by the First Amendment because Dubois made such speech "in furtherance of one of his core duties," *Weintraub v. Bd. of Educ. of City Sch. Dist. of City of New York*, 593 F.3d 196, 198 (2d Cir. 2010), it was "part-and-parcel of his concerns about his ability to properly execute his duties," *id.* at 203 (internal quotation marks omitted), and it "owe[d] its existence to [his] professional responsibilities," *id.* at 201 (quoting *Garcetti,* 547 U.S. at 421). Accordingly, the district court correctly determined that the First Amendment retaliation claim fails as a matter of law.[3]

**III.   Second Amendment Claim**

Dubois also contends that defendants "violated his Second Amendment rights by intentionally conspiring to bring a license suspension action that resulted in the confiscation of his personal firearms." Appellant's Br. at 18. To establish this violation, Dubois relies upon a June 1, 2018 letter DA Czajka sent to the Columbia County pistol licensing authority (namely, the Columbia County and Surrogate's Courts), attaching Dubois's emails and indicating that Dubois "appear[ed] to be despondent" and "upon information and belief, . . . [wa]s in possession of at least

---

[2]   To the extent Dubois referenced in the emails his past criticism of DA Czajka's handling of DWI offenses or Town Supervisor Beaury's alleged domestic violence incident, we agree with the district court that "his speech on these matters was meant to speculate on the reason for Defendant Beaury's alleged interference with his ability to complete his job," App'x at 225–26, and does not transform what is clearly speech as a public employee into speech as a private citizen.

[3]   Because we conclude that Dubois's claim fails because the statements at issue were not made as a private citizen, we need not address the district court's alternative holding that the speech did not relate to a matter of public concern.

7

one automatic firearm." App'x at 49. On that same day, following receipt of that letter, Justice Nichols issued a Decision and Order suspending Dubois's pistol license. In addition, Dubois references a separate, unsuccessful petition Town Supervisor Beaury filed thereafter to enjoin Dubois from possessing firearms owned or possessed by the Town Police Department.

We have long held that "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (internal quotation marks omitted). Where, as here, DA Czajka did nothing more than submit a letter to Justice Nichols and Judge Richard M. Koweek of the County Court, he cannot be held to have "committed" or have been "personally involved" in the alleged deprivation. Indeed, DA Czajka did not expressly ask for Dubois's pistol license to be revoked, but instead requested that the County Court "consider this matter and . . . take such action that it deems appropriate." App'x at 49; *see generally Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997) (holding that a supervisor's referral of plaintiff's letters for further investigation did not establish personal involvement under Section 1983). Furthermore, DA Czajka could not have deprived Dubois of his license because he lacked the statutory authority to do so under New York Penal Law § 400.00(11). Accordingly, Dubois has failed to plausibly state a claim for a Second Amendment violation against DA Czajka based upon Justice Nichols's *sua sponte* decision to suspend Dubois's pistol license and require him to surrender his guns.[4]

Similarly, Dubois's Second Amendment claim cannot plausibly be based upon Town Supervisor Beaury's unsuccessful petition to enjoin Dubois's possession of town firearms. As a

---

[4] Dubois also alleges that Town Supervisor Beaury coordinated with DA Czajka with respect to the letter, however that claim fails for the same reasons.

8

threshold matter, Dubois concedes that this "second County Court action personally coordinated by Supervisor Beaury did not implicate Officer Dubo[i]s' Second Amendment rights because this action concerned only Officer Dubois' possession of *town* firearms." Appellant's Br. at 19 (emphasis added). In any event, Beaury was unsuccessful in enjoining Dubois's possession of the Town firearms because, on September 14, 2018, Judge Koweek dismissed the petition. As we explained in *Mozzochi v. Borden*, 959 F.2d 1174 (2d Cir. 1992), "the success of an attempt to deprive an individual of constitutional rights is critical to whether those rights have in fact been violated." *Id.* at 1180. Therefore, because no deprivation of Dubois's possession of firearms occurred as a result of Town Supervisor Beaury's petition, that petition cannot form the basis of a plausible Second Amendment claim against Beaury or any other defendant.

In sum, the district court properly dismissed the Second Amendment claim.[5]

\* \* \*

We have considered Dubois's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order and judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[5] To the extent Dubois also challenges the district court's dismissal of his *Monell* claim, we find that, because his underlying constitutional claims were properly dismissed, his *Monell* claim also fails as a matter of law. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) ("Because the district court properly found no underlying constitutional violation, its decision not to address the municipal defendants' liability under *Monell* was entirely correct.").

9